Again, the contract with *Bishop* was made after the *Bulls* had disabled themselves to perform. *Lloyd's* equity had attached. If available in any way, it must, then, be, as a release of the right action. If it was a release, the *Bulls*, being strangers to it, could not take advantage of it.

The offer to convey, made by the *Bulls*, in November, 1800, was long after the date of the petition. Besides, they could not convey the *same* land, which they had agreed to convey; for they had not drawn. Nor does it appear, that they had any title. The offer to convey, was, therefore, a day too soon.

BY THE COURT, HILLHOUSE, *Ast.* dissenting,

The judgment was affirmed.

## Griswold *v.* Brown.

In the Court below,

FRIEND GRISWOLD, Administrator of *Nathaniel Griswold*, deceased, *Plaintiff;* PETER BROWN and PHILANDER MOORE, *Defendants.*

Action of trespass, for entering upon the lands, and burning the mills of the intestate, in his life-time, survives to the administrator.

NATHANIEL GRISWOLD brought an action of trespass, against *Brown* and *Moore*, for entering the plaintiff's close, and burning his mills. This suit was prosecuted to final judgment, before the Superior Court, and a verdict obtained against both the defendants. *Brown* and *Moore* then brought a petition for a new trial, during the pendency of which, the defendant therein, and plaintiff in the original action, died; and a citation issued to *Friend Griswold*, his administrator, to appear and defend. The administrator appeared, and pleaded

in abatement, that the action, in which a new trial is prayed for, is an action of trespass; that if a new trial should be granted, it must be prosecuted by the administrator; that the administrator could not prosecute such action; that, therefore, no new trial could be granted, and the petition ought to be dismissed. The Court adjudged the plea insufficient; a hearing was had on the merits; and a new trial granted. On the second trial, the defendants pleaded, severally, not guilty; and a verdict was found, and judgment rendered, against *Moore*, and in favour of *Brown*.

The administrator brought a writ of error, and assigned for error,

1. That the Superior Court proceeded to hear the petition, and to grant a new trial, after the death of the plaintiff in the original action.

2. That said Court proceeded to the second trial, committed the case to the jury, and rendered judgment therein.

*Ingersoll* and *Edwards*, (of New-Haven) for the plaintiff in error, contended, that the petition was, by the death of *Nathaniel Griswold*, abated, and could not be revived against the administrator. The original action being for a trespass on a freehold estate, it could not be prosecuted, by the personal representative of the plaintiff, after his decease. (*a*)

*Goodrich*, (of Hartford) and *Dana*, for the defendants in error, contended, that it was competent for the Court

(*a*) *Cowp.* 376, *Hambly* v. *Trott.* 2 *Bac. Abr.* 439, 40. 11 *Vin. Abr.* 123. *Stat. Edw.* III.

to proceed in the petition, after the death of *Nathaniel Griswold*, and to grant a new trial. A judgment had been obtained. It was a debt against *Brown* and *Moore*, and *assets* in the hands of the administrator. It is inequitable that the death of the intestate should render the judgment irreversible.

The original action was trespass for entering on the lands, and burning the mills. It was an action for damages, and not for title, in the life of the intestate. The right of action, therefore, belonged to the administrator. If the plaintiff had died before the trial, the action would have survived ; and his administrator might have entered, and prosecuted.

The old maxim, that *actio personalis moritur cum personâ*, has not a general, much less an universal, application. (*b*) It has not the same application as to torts done *to*, and done *by*, the testator. (*c*)

The principle of the Stat. 4 *Edw*. III. *s*. 6. by which an action is given to executors, for goods taken out of their testator's possession, extends to cases of damage done to the realty. (*d*)

BY THE WHOLE COURT,

The judgment was affirmed.

(*b*) *Cowp*. 375, *Hambly* v. *Trott*.

(*c*) 2 *Bac. Abr*. 445. 1 *Salk*. 314, *Berwick* v. *Andrews*. 2 *Ld. Raym*. 971, *s. c*. 1 *Salk*. 12, *Williams* v. *Carey*. 1 *Ld. Raym*. 40, *s. c*. 1 *Stra*. 60, *Crossier* v. *Ogleby*. 1 *Salk*. 295, *King* v. *Ayloff*. *Esp. Dig*. 295. *Cro. Eliz*. 377, 8, *Rutland* v. *Rutland*. *Went. Ex*. 65. *Tol. Ex*. 595.

(*d*) 1 *Vent*. 176. *Lucy* v. *Levington*. *Id*. 30, *Justice Moreton's case*. *Cro. Eliz*. 207, *Smallwood* v. *Coventry*. *Esp. Dig*. 439.