## URIEL HOLMES *versus* MARVIN MOORE *et al.*

An action on the case for diverting a water course dies with the plaintiff.

IN an action on the case the plaintiff declared, that he was the owner and possessor of a grist-mill and saw-mill, with the appurtenances, and was entitled to use the water flowing from Nay's pond, and that he had the right of erecting, repairing and controlling a dam and gate at the outlet of the pond, so that he might confine the water at times when the pond was full, to supply the waste of water occasioned by drought and to run his mills in the scarcity of water, but that the defendants, at divers times, wrongfully raised and shut the gate, to the plaintiff's injury.

The plaintiff died after bringing the action, and the question was whether it survived to his executor.

The cause was argued in writing.

*Bliss, H. W. Dwight*, and *J. Mills*, for the defendants, cited 1 Saund. 216, note 1 ; Bac. Abr. *Executors &c., P,* 2 ; *Hambly* v. *Trott*, Cowp. 375 ; W. Jon. 174 ; Latch, 168 ; 1 Ventr. 187 ; Toller, 433, 436 ; *Little* v. *Conant*, 2 Pick. 527.

*Bates* and *Boise, contrà*, cited *Griswold* v. *Brown*, 1 Day, 180 ; *Towle* v. *Lovet*, 6 Mass. R. 374.

*March term 1828, in Hampden.*
258

PUTNAM J. delivered the opinion of the Court. At the common law, before *St.* 4 *Edw.* 3, c. 7, no action could be maintained by an executor for a tort done to the person or property, real or personal, of the testator. That statute gave the executor an action of trespass for goods carried away in the life of the testator, and by an equitable construction it has been held to give him a remedy for any wrong done to the

personal property, notwithstanding it may not have been carried away.

The statute, with this construction, has been adopted here. It has been confined to injuries to personal estate ; injuries to the person and to the freehold remaining as by the old common law.

The question then is, whether the diversion of a water course is an injury to personal property.  It is expressly excepted in the result of the cases collected by Serjeant *Williams* ; and the position taken by the plaintiff's counsel, that the right to the mills and to the water may be personal estate, though ingenious, is not supported by the books.  And we doubt whether, upon a fair construction, the plaintiff does not declare of an injury to real estate.

It will not do to say that trespass can be maintained by an executor for every injury done to the real estate, whereby it is lessened in value ; as is contended in *Griswold* v. *Brown*, 1 Day, 180.  It is clear that such an action will not lie for cutting down the trees of the testator.  *Williams* v. *Breedon*, 1 Bos. & Pul. 329.  As to the construction, that an action will lie for cutting and carrying away corn, it may be supported on the principle of the damage being done to personal property.  The corn, produced by the labor of man, is, according to the doctrine relating to emblements, vested in the executor ; but the grass has relation to the freehold, being the natural production of the earth.  The case cited of trespass with cattle in a close, is explained in Toller, 433, as being on a leasehold estate, and not on a freehold estate ; which makes all the difference ; for trespass *qu. cl. fr. et herbam secuit et asportavit*, will not lie for an executor.  1 Ventr. 187.

In *Little* v. *Conant*, 2 Pick. 527, an action of debt, for wilfully cutting the plaintiff's forest trees, contrary to *St.* 1817, *c.* 173, was held not to survive, the action being for a wrong done to the plaintiff.[1]

---

[1] Actions of replevin and trover, actions of trespass, for assault and battery or imprisonment, or for goods taken and carried away, and actions of trespass or trespass on the case for damage done to real or personal estate, are now made to survive by statute, in addition to those which already survive

## ASAHEL SAUNDERS and DANIEL WINSHIP *versus* JOSHUA FROST.

The owner of land makes a first mortgage to the defei dant, to secure the payment of two notes, one payable in three years, the other in six, with interest annually, — a second mortgage to A, — and a third to A and the two plaintiffs; and A assigns his interest in the two last to the defendant. Before either of the notes to the defendant becomes due, he enters for a breach of the condition to pay interest. *Held*, that the two plaintiffs had properly joined in a bill against the defendant to redeem the two first mortgages.

*Held* also, that the defendant could not be compelled to contribute in paying off the two first mortgages, but that if he did not, and the plaintiffs alone redeemed them, he could not avail himself of his interest in the third mortgage, but the plaintiffs would be entitled to the possession until they were reimbursed his proportion.

*Held* also, that if the defendant elected to hold under the third mortgage, he should contribute to the redemption of the two first in the proportion that his interest in the third bore to the interest of the two other mortgagees.

*Held* also, that the defendant should not apply the rents and profits to the reduction of his debt secured by the third mortgage, he having entered only for a breach of the condition of the first mortgage.

Where a mortgagee enters for the breach of one condition, there being several, the mortgager, by tendering a performance of the condition which has been broken, may prevent a foreclosure; and upon a bill in equity he will be entitled to a judgment for possession, unless the mortgagee, in answer to the bill, sets up his general right under the mortgage, or has declared that he holds for the breach of another condition; in which case a special decree may relieve the mortgager from the effects of the breach for which the entry was made, and leave the mortgagee in possession of his legal rights.

This Court has power, in cases respecting the redemption of mortgages coming within *St.* 1798, *c.* 77, to decree, according to the principles of chancery courts, whatever equity requires between the parties.

Where a mortgagee enters for a breach of a condition to pay interest, and the mortgager tenders the principal, not yet due, together with the interest, and the mortgagee refuses to receive the money, he cannot object that the tender was insufficient in respect to the interest alone, unless he showed a willingness to receive so much only as was due for the interest.

Where a mortgagee enters for a breach of one of several conditions, a tender of performance of that condition accompanied with a demand of a release of the mortgage so far as it was a security for the performance of that condition, is a valid tender.

A mortgagee in possession is not chargeable with rent due from his tenant who absconded, if he has not been guilty of negligence.

---

by the common law. And all of the above enumerated actions may be originally commenced and prosecuted by and against executors and administrators, and if commenced by or against the original party in his lifetime, they may be prosecuted or defended against or by his executor or administrator. Revised Stat. *c.* 93, § 7, 8. See *Little* v. *Conant*, 2 Pick. (2d ed.) 527, **n. 2** *Merritt* v. *Lambert*, 8 Greenl. 128.