JAMES NORRIS *v.* THE VERMONT CENTRAL RAILROAD COM-PANY.

*Liability of a railroad company in turning a river. Effect of a deed of land to a railroad company.*

When a railroad company have rightfully and properly turned a stream of water, they are not obliged thereafter to observe the action of the water and so protect the banks, or take other timely measures, as to prevent the encroachment of it upon neighboring lands.

Where a piece of land was deeded to a railroad company, it is to be presumed that the contingent damages which would have been included in an assessment of the damages, by commissioners, upon a compulsory taking of it, were considered in determining the price which was paid for it. BENNETT, J.

ACTION ON THE CASE to recover for damages to the plaintiff's land, in consequence of the turning of Winooski River by the defendants. The cause was referred, and before the referee it was shown that the plaintiff conveyed to the defendants, on the 19th of June, 1849, a piece of land, described in his deed of that date. At that time the defendants had made the survey and location of their *road,* and they purchased this piece or parcel of land for the purpose of *turning* the Winooski River, and thus avoid bridging. The river was turned, and the defendants' railroad constructed.

The plaintiff claimed, and it was proved, that by the operation of the frosts and the current of the river, the southern bank of the new channel had been gradually worn and carried away beyond the southern line of the defendants' purchase; and that he had thus lost a portion of his meadow.

The plaintiff's meadow along the southerly bank of the river, before it was turned, was well protected by a species of willow which guarded the bank, and, at that time, the current of the river was against the northerly shore, and had been, for several years, making new soil upon that side, and thus increasing the quantity of his land.

The turning of the river did necessarily endanger the plaintiff's meadow, and render it very much exposed to be washed and wasted away by the action of the water, and could not be *fully protected* except at an expense disproportionate to the value of the land, liable to be carried away; but it was shown that the owners of meadow land on that river, in that vicinity, were in the habit, and that it had become the usual custom, when the river encroached upon the bank, to cart in brush and stones, which would afford a partial and sometimes adequate protection, and that, at a moderate expense.

If the law imposed the duty upon the defendants to observe the action of the water, from time to time, upon the plaintiff's meadow, and cast in brush and stone to the extent a prudent proprietor of the land would do to save his own land; or, if the defendants were bound by law to protect the banks so that the river should not encroach upon the plaintiff's land, at whatever cost, in either case, the referee found that the defendants had been guilty of negligence, in omitting a duty which the law imposed upon them; but if otherwise, then the defendants should recover their costs.

The value of the land washed away the referee found to be *one hundred and seven dollars and seventy cents*, to which should be added nineteen dollars and thirty-eight cents interest.

Upon the report of the referee, the county court, March Term, 1855,—PECK, J., presiding,—rendered judgment, *pro forma*, for the plaintiff to recover the value of the land washed away as reported. · Exceptions by the defendants.

*Roberts & Chittenden* for the defendants.

That, upon general principles, the defendants are not liable to the plaintiff's claim, see *Hatch et al.* v. *Vt. Central R. Co.*, 25 Vt. 49, and opinion of REDFIELD, CH. J., in do. p. 61–65, and in *Whitcomb* v. *same*, 25 Vt. 68,

All the statute obligations imposed upon the defendants, were performed by them in the outset.

The conveyance of the land, for the purposes named, should have no less effect against the plaintiff than if taken upon the appraisal of commissioners, under sec. 7 of their charter. *Whitcomb* v. *Vt. Central R. Co.*, 25 Vt. 70.

If so taken, the commissioners would have estimated these damages, as *likely* to occur.

It was then apparent that the willow hedge would be destroyed, and that the current might be changed from the north to the south shore; and what more *likely* than that the action of frosts and the current, in its new channel, would have worked the mischief complained of.

*P. Dillingham* for the plaintiff.

By the 10th section of the defendants' act of incorporation, all water courses and streams, turned by said corporation, shall be restored " to their former state and usefulness, as near as practicable." This duty could not be fulfilled by the defendants to this plaintiff, without making the south bank of the new channel as safe to him as the old one was; *certainly not short of using means to do so, " to the extent a prudent proprietor of the land would do to save his own land."* *Whitcomb* v. *Vt. C. R. Co.*, 25 Vt. 69.

The fact that the defendant purchased the land on which the new channel was dug, gave the defendant no license to do the work differently from what it should have been done, had the easement or right of way been acquired in the mode pointed out in the charter. *Whitcomb* v. *Vt. C. R. Co.*, 25 Vt. 70.

Independent of the charter, and merely as an adjoining landowner, the defendant would be liable on the facts, as found by the referee; for all the plaintiff's loss was occasioned to the plaintiff from the natural consequences, necessary ones, of the defendant's acts, on his own soil, and for this the plaintiff is entitled to recover. *Thurston* v. *Hancock*, 12 Mass. 220; *Hays* v. *Cohoes Co.*, 2 Comstock 159; *Hatch* v. *Vt. C. R. Co.*, 25 Vt. 65.

The opinion of the court was delivered by

BENNETT, J. In this case the referee was to decide according to law, and, for the facts found by him, his report may be referred to.

It is not claimed, in the argument, that the act of turning the river, by the defendants, was, in itself, unlawful; and, it is clear, that if the defendants are to be made liable on the ground of *neg-ligence*, or *want of care*, or *skill* in turning the river, by means of which the damage was caused, such a case must be *affirmatively* made out. None is found by the referee, unless the law imposed the duty upon the railroad company to observe the action of the water from time to time, upon the plaintiff's meadow, and to cast in brush and stones, as a prudent man would do to save his own land; or, unless the company were bound, as matter of law, to protect the banks of the river, at all events, so that the stream should not encroach upon the plaintiff's land.

We think no such duty was imposed upon the company. The rights of the defendants, in the construction of their road, were coëxtensive with what they would have been if the plaintiff's land had been taken by compulsory process. It is true, the referee finds that the turning of the river did necessarily endanger the plaintiff's meadow; and, if the land had been taken by compulsory process, the damages which would be likely to accrue from such cause would, or should have been, assessed as a part of the land damages, and it would have been conclusively presumed they were included in the land damages. When the defendants, by agreement, purchased of the plaintiff the land for the use of the company, it is to be presumed that the contingent damages which might arise from the turning of the river, in a prudent and proper manner, were taken into account in fixing the price. It was then the duty of the plaintiff, after the stream had been properly turned, to watch the future action of the water upon his own lands, and to cast in brush and stones, if necessary to the protection of the banks; and the defendants were not required to protect them from the effect of the water at all times. All that would be required of them, was, to use due care in turning the river, and securing the banks in a reasonable manner from the effects of the stream. As no negligence or want of skill in performing this duty is found, the judgment of the county court is reversed, and judgment on the report for the defendants.