R. H. Hummel, Eliza B. Hummel, and R. H. Hummel, Trustee under Will of Eliz. H. Fendrick, deceased, Appellants, *v.* The Cumberland Valley Railroad Company.

*Railroads—Damages—Filling between piers under bridge.*

A railroad company which has paid damages for land taken for the purposes of a bridge, cannot be subsequently compelled to pay damages for filling up the land under the bridge, and between the piers, and within the width of the lawful right of way of the railroad. In such a case the lack of an exact description of the boundaries of the land taken is of no consequence so long as it does not exceed the width allowed by law.

*Railroads—Right of way—Nonuser—Abandonment.*

No abandonment of land taken for a railroad right of way can be presumed from a nonuser of the land at the time of taking.

Argued April 30, 1896. Appeal No. 286, Jan. T., 1896, by plaintiffs, from judgment of C. P. Cumberland Co., Sept. T., 1895, on verdict for defendant. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Trespass for alleged injuries to land.

At the trial it appeared that the Cumberland Valley Railroad was located in 1836. In 1839 plaintiffs' predecessor in title owned a farm on the western bank of the Susquehanna river, opposite the city of Harrisburg, and in that year released to the railroad company "all damages occasioned by the construction or use of said road and the bridge over the Susquehanna, so far as the same runs through their land on the west side of the Susquehanna." In 1895 the railroad company filled up the space under the bridge, between the piers, and within the right of way.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiffs appealed.

*Error assigned* was above instruction.

*A. G. Miller* and *J. W. Wetzel,* for appellants.—The railroad company had no right to fill up and occupy the surface spaces between the piers supporting said viaduct under the undisputed facts of this case.

538 HUMMEL et al., Appellants, *v.* CUMBERLAND V. R. R.

Arguments.                    [175 Pa.

Even if the railroad company had the right it was lost by non-user: Snell v. Levitt, 110 N. Y. 595; Queen v. Chorley, 12 Ad. & El. N. S. 515; Moore v. Rawson, 3 B. & C. 332; Liggins v. Inge, 7 Bing. 682; Dyer v. Sanford, 9 Met. 395; Pope v. Deveraux, 5 Gray, 409; King v. Murphy, 140 Mass. 254; Vogler v. Geiss, 51 Md. 407; Blaisdell v. R. R., 51 N. H. 483; Murdock v. R. R., 73 N. Y. 579; Cook v. Stearns, 11 Mass. 537; Dodge v. McClintock, 47 N. H. 383.

No presumption arises that a railroad acquires its full charter width, or a subsequent right to do so, when its right of way is acquired by consent, and not by adverse proceedings: Jones v. R. R., 169 Pa. 333.

*John Hays* and *W. F. Sadler, E. B. Watts* with them, for appellee.—The agreement of 1839 does not describe by metes and bounds the land taken for railroad purposes. Under such circumstances the rule of construction is as follows: If for a proper consideration the landowner should release the right of way, or convey the lands to be covered by the location without designation of lines or restriction, release or conveyance, appropriate to the extent fixed by the statute, the writing may well be presumed to have been made with reference to the law as it existed at the time: Phila. & Reading R. R. v. Obert, 109 Pa. 193; Brainard v. Clapp, 10 Cushing, 6; Pittsburg Junction R. R. Co.'s App., 122 Pa. 511; Pittsburg, Ft. W. & Chi. Ry. v. Peet, 152 Pa. 488; Prather v. Telegraph Co., 14 Am. & Eng. Cases, 1; Jones v. Erie & Wyoming Val. R. R. Co., 169 Pa. 333; Lawrence's App., 78 Pa. 365; Shinn v. Bodine, 60 Pa. 182; Lacy v. Green, 84 Pa. 514; N. & W. Branch R. R. v. Swank, 105 Pa. 555; Craig v. Allegheny, 53 Pa. 477; Robinson v. West Penna. R. R., 72 Pa. 316; Hoffeditz v. South Penna. R. R., 129 Pa. 264; McMinn v. Pittsburg, etc. R. R., 147 Pa. 5.

The railroad took the land in fee simple: Com. v. McAllister, 2 Watts, 190; Robinson v. West Penna. R. R., 72 Pa. 316; Wyoming Coal & Transportation Co. v. Price, 81 Pa. 156; Haldeman v. R. R., 50 Pa. 425; Penna. & N. Y. Canal Co. v. Billings, 94 Pa. 175; Penna. Canal Co. v. Harris, 101 Pa. 80; Penna. R. R. v. Freeport Borough, 138 Pa. 91; Union Canal Co. v. Young, 1 Wharton, 410; Methodist Church v. Public Ground Co., 103 Pa. 608; Wilkes-Barre v. Wyoming Soc., 134 Pa. 616.

There has been no abandonment. Nonuser is not abandonment: Washburn on Easements, sec. 551; Barlow v. Ry., 29 Iowa, 276; Henderson v. Cent. Pass. Ry., 21 Fed. Rep. 358; Linderman v. Lindsey, 69 Pa. 93; Erb v. Brown, 69 Pa. 216; Bombaugh v. Miller, 82 Pa. 203; Com. v. McDonald, 16 S. & R. 395; Barter v. Com., 3 P. & W. 253; Com. v. Alburger, 1 Wharton, 486; Kopf v. Utter, 101 Pa. 27; North Cent. Ry. v. Com., 90 Pa. 300.

PER CURIAM, May 18, 1896:

It was as far back as the year 1839 that the Cumberland Valley Railroad Company adjusted, settled and paid to the former owners of the land, over which the bridge or viaduct in question was erected, " all damages occasioned by the construction or use of the said road and the bridge over the Susquehanna so far as the same runs through their lands." For the occupancy and use of the land of the then owners for the purposes of the railroad, the defendant paid them $2,250. It is not, and it cannot be, questioned, that this was full compensation for all the acts done by the railroad company in taking the land and building the road over it on piers then erected. The present proceeding is an effort to compel the same company to make a second payment of damages to the present owners who have succeeded to the title of the owners at that day. The excuse for such an extraordinary attempt is that the company has filled up the land under the bridge and between the piers, and this, it is claimed, gives rise to another right to have damages for the mere user by the company for their own purposes of the same land for which full compensation was paid almost sixty years ago. It is only necessary to say that this filling occupies only land under the bridge, between the piers and within the width of the lawful right of way of all railroads. The use of the ground is such as is entirely within the discretion of the company and it is not of any moment that this particular use was not made at any earlier date. The lack of an exact description of the boundaries of the land taken is of no consequence so long as it does not exceed the width allowed by law. There is no abandonment of land which has been taken, to be presumed from a nonuser at the time of taking. All these principles have been definitely and repeatedly ruled by this

court, and they are entirely applicable to the present contention. The more recent cases in which they have been declared are Phila. & Read. R. R. Co. v. Obert, 109 Pa. 193; Pitts., Fort Wayne & Chic. Rwy. v. Peet, 152 Pa. 488; Pitts Junction Railway Co.'s Appeal, 122 Pa. 530; Philadelphia v. Ward, 174 Pa. 45. It is not necessary to repeat what was said in those cases. It is enough to know that they furnish a complete answer to the claim of the plaintiffs in the present case.

Judgment affirmed.