PHOEBE A. HILEMAN v. THE CHICAGO GREAT WESTERN RAILWAY COMPANY, Appellant. .

113    591
d140    205
142    154

**Grant to Railway:**    CONSTRUCTION.    A grant to a railway company of the right to construct and thereafter maintain and operate its road in a street in front of grantor's property, without any limitation as to the number of tracks, included the right to any legitimate increase in the use of the street by the company for the operation of its road, including the right to maintain necessary sidetracks.

BINDS VENDEE.    A grant to a railroad company of the right to construct and thereafter maintain and operate its road in a street in front of the grantor's property, is binding on his vendee.

*Appeal from Blackhawk District Court.*—HON. A. S. BLAIR, Judge.

SATURDAY, APRIL 13, 1901.

THE appellant is the successor of the Chicago, St. Paul and Kansas City Railway Company.    In June, 1886, the city of Waterloo granted the last-named company the right of way over Bluff street, in said city, for the purpose of constructing and operating its line of railway therein.    The plaintiff's property abuts said street, and her grantor, Wil-

liam Cornell, was the owner thereof at the time the ordinance was passed granting the defendant's predecessor the right of way therein. On the seventeenth day of December, 1886, Cornell and his wife executed and delivered to the railway company the following written instrument: "Know all men by these presents: That William Cornell and Phœbe Cornell, his wife, of Blackhawk county, state of Iowa, in consideration of the sum of $225 in hand paid by the Chicago, St. Paul and Kansas City Railway Company, a corporation of the state of Iowa, do hereby grant, bargain, sell, and convey unto the said Chicago, St. Paul and Kansas City Railway Company the right, privilege, and permission to construct and forever maintain and operate its railway in Bluff street, in the city of Waterloo, and state of Iowa, in front of the following described property [describing the property set out in plaintiff's petition], hereby releases said company from all damages to the above abutting property by reason of the building or operating of said railway. Signed this 17th day of December, A. D. 1886. William Cornell. Phœbe Cornell." This was duly acknowledged and properly recorded, and soon thereafter the company extended its track in said street in front of the property in question. A single track was laid and operated until 1898, when the defendant company projected a side track into said street, which passed in front of the plaintiff's property between it and the main track. This is an action to recover damages for the laying of this side track. There was a trial to a jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Reversed.*

*O. C. Miller* for appellant.

*H. H. Bezold* for appellee.

SHERWIN, J.—The main question before us for determination is the effect to be given the written instrument set out in the statement of the case. The plaintiff, in effect, contends that it is nothing more than a receipt for damages

paid for the location of a single track in front of the plaintiff's property. It must be conceded at the threshold of this inquiry that the plaintiff's grantor, Cornell, originally had an easement in the street in question, which was a property right, and that he could sell and convey or release such right, and deal with it in all respects as he could with any other property right or interest. While he had no title to or right in the soil of the street, his conveyance or release of his easement therein was valid and binding under all authorities. And it must also be conceded that Cornell conveyed to the Chicago, St. Paul and Kansas City Railway Company the right to the use of Bluff street for the purpose of constructing, operating and maintaining its railway therein, so far as such use might or could interfere with his easement therein. And it will be noted also that he released the company "from all damage" to his property abutting thereon. Suppose Cornell had made a similar conveyance to the company of a right of way four rods wide through his farm; what would be the rights of the company? It is well settled that the conveyance of land for railroad purposes will ordinarily vest in the grantee the same rights as though the land had been acquired by condemnation. (Lewis, Eminent Domain (2d ed.) section 293; *Roushlange v. Railway Co.,* 115 Ind. 106 (17 N. E. Rep. 198); and "the conveyance will be held to be a release of all damages which would be presumed to be included in the award of damages if the property had been condemned" (Lewis, Eminent Domain (2d ed.) section 293, and the cases cited; *Railroad Co. v. Smith,* 111 Ill. 363; *Norris v. Railroad Co.,* 28 Vt. 99; *McCarty v. Railway Co.,* 31 Minn. 278 (17 N. W. Rep. 616). It is the almost universal rule that in condemnation proceedings the damages are to be assessed once for all, and, when once assessed, "they include all the injuries which may result for all time to come from the construction and operation of the road in a reasonable and proper manner." Lewis, Eminent Domain (2d ed.), section 565; *Fowle v. Northampton Co.,* 112 Mass. 334; *Dearborn v. Railroad*

Co.. 24 N. H.. 179; *Water-Power Co. v. Chambers*, 13 N. J. Eq. 119; *Tucker v. Railroad Co.*, 27 Pa. 281; *Joy v. Water Co.*, 85 Me. 109 (26 Atl. Rep. 1052); *White v. Railroad Co.*, 122 Ind. Sup. 317 (23 N. E. Rep. 782). If in the conveyance or in the condemnation no limit is placed upon the use of the easement, its use may be changed or increased, so long as "due care and skill" are exercised in so doing, without liability for additional damages. Lewis, Eminent Domain(2d. ed.), section 575; *Cassidy v. Railroad Co.*, 141 Mass. 174 (5 N. E. Rep. 142); *Butman v. Railroad Co.*, 27 Vt. 500; *Hummel v. Railroad Co.*, 175 Pa. 537 (34 Atl. Rep. 848); *White v. Railroad Co.*, 122 Ind. Sup. 317 (23 N. E. Rep. 782). There is no limitation in the conveyance and release of Cornell to the company; hence any legitimate increase in the use of the street for the oper- question was necessary and proper to the operation of de- ation of its road is covered thereby. That the side track in fndant's road, no one questions; and, indeed, it is generally recognized by the authorities that additional tracks and side tracks are, or at least may become, a necessity, and that they are within the contemplation of a condemnation, and the damage therefor. *Railroad Co. v. Smith*, 111 Ill. 363; *White v. Railroad Co.*, 122 Ind. Sup. 317 (23 N. E. Rep. 782). There can be no question that the plaintiff is bound by the act of her grantor, and can have no greater claim than he could enforce. No question of the abandonment of defendant's right under the statute is in the case, though discussed somewhat by the plaintiff's counsel. It is very evident, however, that such a plea would be of no avail in this case, because the defendant not only holds under a grant as against plaintiff, but has been in the actual operation of its road all of the time since. It follows from what we have said that the plaintiff was not entitled to recover, and that the court erred in not sustaining the defendant's motion to direct a verdict, and erred in the instructions given numbered 5, 7, and 9. The judgment is REVERSED.