(No. 4763

Elizabeth Cole, Francis Bigler and Adelia Bigler, Peter Grant and Bertha Grant, Sam Foster and Irma Foster, Max Caskey and Shirley Caskey, Donald Cole and Pearl V. Cole, Claimants, vs. State of Illinois, Respondent.

*Opinion filed April 17, 1959.*

Stanley W. Crutcher and Elmo E. Koos, Attorneys for Claimants.

Latham Castle, Attorney General; C. Arthur Nebel, Assistant Attorney General, for Respondent.

Tolson, C. J.

On February 28, 1957, claimants filed a joint claim against respondent for consequential damages caused by the reconstruction of U. S. Route No. 24.

In 1951 this area was declared a freeway, and plans were developed to convert U. S. Route No. 24 into a four-

lane highway. During the year of 1953 the Highway Department secured deeds of dedication from the several property owners, and the work was commenced in March of 1954 and completed in November of 1955.

The deeds in question bore the title of "Dedication of Right of Way for a Freeway". The concluding paragraph was as follows:

"And the grantors further, as a part of this dedication, on behalf of himself, his heirs, executors, administrators and assigns, does hereby release, quitclaim and extinguish any and all rights or easements of access and crossing, under which the tract of land herein conveyed and dedicated might otherwise be servient to abutting lands of the grantor."

Two of the deeds in question, executed by the Biglers and Grants, specifically released access, light and view.

Claimants' theory of this case is that respondent did not accurately portray the height of the new road when they secured their deeds, and, had claimants fully understood the nature of their loss, they would have required the State to condemn, so that a jury could assess proper damages for their loss of access, air, light and view. Claimants, therefore, conclude that the consequential damage was not paid for in the first instance, and that they still have a cause of action, for which this Court should provide a remedy by an award.

The complaint, in substance, alleges that the agents of respondent represented that the new road would be reconstructed substantially at the same level, but, in fact, was elevated from six to ten feet. As a result, claimants lost access, light, air and view; the drainage was inadequate, which caused stagnant pools and mosquitoes; odors from septic tanks were present; and, the State did not build a sidewalk, as promised.

It is significant to note that the complaint does not allege a false representation, knowingly made, to induce claimants to sign deeds to their substantial damage.

At the very outset, this Court is confronted by the parol evidence rule. A deed, which is unambiguous, and which has a settled meaning in law, cannot be changed or added to by parol evidence. *Morton* vs. *Babb,* 251 Ill. 488.

The Commissioner, who heard this case, might well have refused to entertain testimony from either side, which would vary or contradict the plain language of the deed. However, the testimony fails to strengthen claimants' case. It discloses that claimants were given copies of the deeds to examine for several days before execution; that one or more of them had advice of counsel; that plans and specifications were available at the time of the discussions; and, though claimants undoubtedly could not interpret them, at least they were afforded the opportunity to obtain expert advice before they executed their deeds.

The complaint does not allege nor does the evidence support the element of false representation, which would open the door to testimony to vary or contradict the deeds. Clearly all parties knew they were giving up their rights of access, for it was so spelled out in the deeds. The consideration paid to each was substantial, ranging from $1,600.00 to $1,800.00.

Rights of air, light and view were specifically released in two of the deeds. As to the rights of the other claimants in this regard, even though not specifically released, the law in Illinois appears to be as follows:

"No easement of light and air can be acquired without express grant of an interest in, or covenant relating to, the lands over which the right is claimed." 29 L.R.A. 582; *Baird* vs. *Hanna,* 328 Ill. 436.

The claimant grantors in the other deeds, having failed to reserve their rights in light, air and view, cannot establish them in this proceeding.

Notwithstanding the above rule of law, counsel for claimants urge that, had they had their day in court, the losses that they allege would have been compensated for as consequential damages.

A case, similar in many respects to the present claim, was before this Court in 1952, namely, *Cutshall, Et Al* vs. *State of Illinois*, 21 C.C.R. 150. Claimants were the owners of certain land, and the State of Illinois, by condemnation, secured a portion of the land to construct a subway under the Illinois Central Railroad. Under the decree of condemnation claimants were paid the sum of $2,742.00.

Thereafter, claimants filed their claim in this Court seeking damages to land not taken, and alleged that, since the construction of the subway and storm sewer, a well on the place failed to supply adequate water, and that a newly drilled well produced contaminated water. This Court denied the claim, and stated that a decree in condemnation includes damages both to lands taken and lands not taken, and includes all damages, past, present and future.

The above rule was established in the case of *C., R. I. and P. Ry. Co.* vs. *Smith*, 111 Ill. 363. F. Burcky, the then owner of Lot 11, conveyed a 100 foot right of way to the railroad. Thereafter Lot 11 was subdivided, and Smith became the owner of the tract next to the railroad right of way. Smith alleges that the railroad increased the number of tracks, that the trains were cracking the wall of his building, and that this property was showered with soot and ashes.

On appeal, the judgment was reversed. ''The rule is that the appraisement of damages in a case of condemnation embraces all past, present and future damages,

which the improvements may thereafter reasonably produce.'' In addition thereto, the court said at page 371:

"It follows that, had the railroad company condemned this right of way as against Burcky, who was the owner of the whole tract, no recovery could have been had for the damages here sued for. They would have been included in the assessment of damages made on the condemnation, and whether in fact included or not they would be conclusively presumed to have been included. The same result, we conceive, follows from Burcky's voluntary conveyance of the right of way. It is to be presumed that the contingent damages to the residue of the lot, which might arise from the prudent operation of the railroad, were taken into account in fixing the price. (See *Norris* vs. *Vermont Central R. R. Co.*, 28 Vt. 99, and *Conwell* vs. *Railroad Co.*, 81 Ill. 233.)"

In the light of this rule, it would appear that a deed of dedication is all inclusive, and of the same effect as a condemnation proceeding.

In the case of *Longden* vs. *State of Illinois*, 12 C.C.R. 129, a complaint for consequential damages was dismissed on motion, and the Court said at page 131:

"Where owners dedicate property for public use in connection with public improvement, the law conclusively presumes that the consideration for the dedication is based not only on the value of the land dedicated, but also on any damages sustained to contiguous land of the owner by reason of the improvement. *Lepski* vs. *State of Illinois*, 10 C.C.R. 170; *Baber* vs. *State of Illinois*, 9 C.C.R. 115; *Siekman* vs. *State of Illinois*, 10 C.C.R. 286."

Claimant, Elizabeth Cole, has introduced in evidence a permit, dated October 22, 1947, which was issued by the Division of Highways, authorizing her to construct and maintain two 24 inch entrance culverts to her lands. She contends that this permit is still in force notwithstanding her deed, which expressly extinguishes her rights of access to the highway.

Since a valuable consideration was paid by the State for the release of the right of access as part of this transaction, it necessarily follows that this contention is untenable. It may further be said that a permit is nothing more than an allowance or a license. It establishes no rights.

Counsel has submitted cases from other jurisdictions, i.e., *Dallas County* vs. *Barr*, 231 S.W. 453; *Parker* vs. *State Highway Commissioner*, 162 So. 162, wherein the grade of the road was either elevated or lowered so that the parties were deprived of rights of ingress or egress, and damages were allowed.

Illinois courts have likewise granted damages to parties where railroads have elevated tracks, built subways, etc., and thereby destroyed their existing rights of ingress and egress, but those cases are not similar to the case at bar.

In the instant case, claimants were paid a valuable consideration to extinguish their rights of access to the highway. The exact height of the grade may not have been too clear, but it is doubtful that the parties were unaware of the fact that the grade would be raised. This was an all inclusive transaction.

Respondent argues that the acquisition of a right of way piecemeal in fifty feet tracts is a time consuming matter, and that it is virtually impossible to explain the engineering problems in detail to all concerned. It further argues that the policy of paying for deeds of dedication would be of little value, if they were thereafter obliged to pay for consequential damages.

Since this Court does not find any fraud in the procurement of the deeds, it must follow established law by holding that the payment for the deed includes past, present and future damages.

An award is, therefore, denied.