## THE WESTERN PACIFIC RAILROAD COMPANY *v.* EDWARD P. REED, JAMES R. LOWE, JOHN SYNOTT, JAMES MURPHY, AND FORTY-ONE OTHERS.

SETTING ASIDE REPORT OF COMMISSIONERS IN PROCEEDING TO CONDEMN LAND FOR RAILROAD PURPOSES—NEW TRIALS.—The provisions of the Practice Act in relation to motions for new trials have no application to a motion to set aside the report of the Commissioners in a proceeding to condemn lands for railroad purposes; and such motion may properly be founded upon the report itself, of which the testimony taken by the Commissioners properly forms a part.

GROUNDS OF AWARDS OF COMMISSIONERS IN SUCH CASES.—In such cases the Commissioners are not bound by the testimony of witnesses, but are both allowed and required to view the premises, and found their awards upon their own judgments, as well as the judgments of the witnesses.

IDEM—SETTING ASIDE THE AWARD WHEN THE EVIDENCE IS CONFLICTING.—The award of the Commissioners in such cases will not be set aside when there is a substantial conflict in the evidence.

IDEM—WHERE DEED, GRANTING RIGHT OF WAY, HAD BEEN ALREADY GIVEN.— Where, in a proceeding to condemn lands for railroad purposes, the railroad company had already obtained a deed from M., who was by it made a party to the proceeding granting the demanded right of way, and the Commissioners, nevertheless, awarded him damages: *Held*, that, as the right of way was already secured by contract, M. must look for his compensation therefor under his contract—and that the report of the Commissioners as regards M. must be set aside, and the Court below directed to dismiss the proceeding as to him.

APPEAL from the District Court, Third Judicial District, Santa Clara County.

This was a proceeding instituted by the plaintiff in said Court under the provisions of the Act of the Legislature, entitled "An Act to provide for the incorporation of railroad companies, and the management of the affairs thereof," etc., approved May 20th, 1861, to condemn certain lands of the defendants—forty-four in number—to secure the right of way through the same for the plaintiff's line of railroad. The Commissioners who were appointed to assess the damages to be paid by plaintiff for the right of way, as prayed, in due course made their report to said Court, which included the evidence taken by them, awarding damages in various sums to the several defendants; which report was confirmed

by the Court, and judgment rendered in accordance there-with.   Previous to the confirmation of the report, plaintiff moved to set it aside; also, to set aside certain portions thereof specified, upon the ground that the evidence taken before the Commissioners, and contained in their report, was insufficient to justify the several awards of damages made therein, or the award of any damages whatever, and to grant a new trial; which motion was denied by the Court, and plaintiff duly excepted.   Said motion was based on the report itself; and upon the denial thereof, a bill of exceptions containing the grounds thereof, and said report of the Commissioners, was settled and filed by the Judge of said Court.   The plaintiff appealed from said judgment, and from the orders denying said motion and confirming the report of said Commissioners.

Defendant James Murphy moved in this Court to dismiss the appeal as to him, on the ground that the plaintiff had not, in its said motion to set aside said report and for a new trial, complied with the provisions of the Practice Act in relation to motions for new trials.

The other facts are stated in the opinion of the Court.

*S. O. Houghton,* for Appellant.

*R. F. Peckham, Alexander Yoell, Moore & Laine, F. E. Spencer,* and *Thomas Bodley,* for Respondents.

By the Court, SANDERSON, J.:

The motion of the respondent, Murphy, to dismiss the appeal, is answered by the case of the *Central Pacific Railroad Company of California* v. *Pearson et al., ante* 247.   We there held that the provisions of the Practice Act in relation to motions for new trials in civil actions have no application to proceedings of this character.   Under the rule announced in that case, with which we are entirely satisfied, the motion to set aside the report of the Commissioners was properly

founded upon the report itself, of which the testimony taken
by the Commissioners was properly made a part.

Aside from special grounds relating to certain respondents,
which will be considered separately, we are asked to set aside
the report because the damages awarded by the Commission-
ers are excessive, and because their awards are contrary to
the evidence. A very strong case would have to be made
before this Court would disturb an award upon those
grounds.

The Commissioners are not bound by the testimony of
witnesses, but are not only allowed but required to view
the premises and found their awards upon their own judg-
ment as well as that of the witnesses. But were it
otherwise, and were they, like a jury in a Court of justice,
bound to find according to the testimony of the witnesses,
there is nothing in this case which would justify us in setting
aside the awards. No case has ever come here where the
testimony was more conflicting. Witnesses on the part of
the respondents, in nearly every instance, placed their esti-
mates at from two to four times as high as the Commission-
ers; while, on the part of the appellant, the witnesses went
quite as far in the opposite direction, claiming that the
benefits would far exceed the damages. Where there is so
wide a difference, the Commissioners would be justified in
discarding all the testimony and acting upon their own judg-
ment, which may have been done in this case, and it is very
clear that this Court cannot substitute its judgment for theirs.

Nor can we set aside the award to James R. Lowe, upon
the ground that the land claimed by him was a public street.
There was some evidence tending to show that such may
have been the case. The evidence is, however, very meager,
and there is no reason, as we consider, why we should not
follow the conclusions reached by the Court below.

Nor are we disposed to disturb the award in favor of John
Synott. The scope of the transaction between him and
Mann does not seem to have been understood alike by them,

and we think the action of the Commissioners and of the Court below must be allowed to stand.

We think, however, that the award to James Murphy must be set aside. The appellant had a deed from him, and we are unable to understand upon what ground it can be claimed that he was thereafter entitled to damages at the hands of the Commissioners. The appellant had obtained a right of way by contract, so far as he was concerned, and he must look to that contract, whatever it may have been, for his compensation.

The order of the Court below is affirmed, except as to the award in favor of James Murphy, and as to that it is reversed, and the Court below is directed to strike it from its judgment and dismiss the proceeding as to him, but without costs against Murphy.

Mr. Justice RHODES expressed no opinion.