EUGENE McCARTY *vs.* St. Paul, Minneapolis & Manitoba Railway Company.

December 5, 1883.

**Warranty Deed held to License existing Embankment obstructing Flow of Surface-Water.**—A railroad corporation had entered on the premises of a land-owner, and located its line of road, and graded and raised an embankment thereon for its road-bed and track, and had used and operated its road upon the same for several years, without having acquired the title to the land so occupied, or a right of way over the same. The effect of these improvements, it is alleged, is to cause damage to the adjacent lands by obstructing the natural flow of water therefrom. Thereafter, in pursuance of negotiations for a settlement with such land-owner, it purchased of him the land so used as a right of way, and he, for a consideration agreed on, conveyed the same by deed to such corporation, with warranty, and also covenanted that the party of the second part therein, its successors and assigns, should quietly enjoy and possess the said premises. *Held*, that the effect of the deed was to grant the land, and license the maintenance of the road and embankment as already constructed and existing thereon.

Appeal by plaintiff from an order of the district court for Stearns county, *McKelvy*, J., presiding, refusing a new trial.

*Taylor & Taylor*, for appellant.

*R. B. Galusha* and *J. Kling*, for respondent.

VANDERBURGH, J.    The St. Paul & Pacific Railroad Company, about the year 1872, caused its road-bed to be constructed over the lands of plaintiff, and raised and graded thereon the embankment for its track complained of in this action, but without having previously acquired the right of way, or taking any proceedings to have the amount of plaintiff's damages ascertained.    Subsequently, such negotiations were had between the parties that the plaintiff did, on the 7th day of December, 1876, in consideration of $500, execute and deliver to such corporation a deed, with full covenants and warranty, of the strip of land upon which the road-bed and embankment had been constructed through his premises, purporting to convey "a strip of land 100 feet wide, being 50 feet on either side of the centre line of the railroad of the party of the second part, as the same is located and constructed over and across the north-east quarter of section 7, township 124, range 28," and to be "in full for all damage that has accrued to said premises by reason of the building of the railroad over the same."    Thereafter the defendant in this action succeeded to and acquired all the rights, franchises, and property of the St. Paul & Pacific Railroad Company, including the land and right of way in question.    The plaintiff brings this action to recover damages on account of the maintenance by defendant of the railroad and embankment so constructed on his premises, and particularly because the same obstruct "the natural flow of water from the meadow of plaintiff, so that the same is overflowed and thereby injured."    Previous to the execution of the deed above referred to, plaintiff had recovered a judgment for damages for the same cause.

The grant of this land is presumed to be for railroad purposes. *Yates* v. *Van De Bogert*, 56 N. Y. 526.    And, from the situation of the premises at the time this deed was executed, it must be presumed that the parties contemplated that the corporation were to acquire, not merely a right of way, but also the right to the enjoyment and use of the land as then improved and used, including the embank-

ment in question. And besides, the plaintiff covenants in the deed "that the party of the second part, its successors and assigns, shall quietly enjoy and possess the said premises." The effect of the deed was to grant the land, and license the company to use and enjoy it as they were already doing, in the condition the premises were then in, and, as a necessary consequence, to release all damages to plaintiff growing out of the maintenance of the railroad as already constructed on the land. Plaintiff granted the land without any stipulation requiring changes in the construction of the road-bed, and it must be presumed that the deed was given upon a settlement for damages in lieu of condemnation proceedings, and upon the assumption that the improvements already made were to continue. Clearly, the plaintiff cannot now be heard to complain of damages by reason of the maintenance of the road upon the land conveyed, nor to insist upon changes in its location or construction, as respects improvements existing at the date of the deed, or any lawful subsequent improvements which might be made, had the right of way been condemned instead of being purchased. *Hortsman* v. *Covington & L. R. Co.*, 18 B. Mon. 221; *Norris* v. *Vermont Cent. R. Co.*, 28 Vt. 99.

The action was properly dismissed, and the order denying a new trial is affirmed.