CHARLES A. RADKE *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

## July 29, 1889.

**Deed held to Authorize Existing Embankment Obstructing Surface-
Water.**—*McCarty* v. *St. Paul, M. & M. Ry. Co.*, 31 Minn. 278, followed,
holding that from a conveyance to a railroad company of the land upon
which its road had been previously constructed the grantor is to be pre-
sumed to have consented to the maintenance of the road, although his
adjacent lands might be injured thereby.

Appeal by defendant from an order of the district court for Free-
born county, *Farmer*, J., presiding, refusing a new trial after verdict
of $150 for plaintiff.

*B. S. Lewis* and *J. D. Springer*, for appellant.

*Lovely, Morgan & Morgan* and *Walter J. Trask*, for respondent.

DICKINSON, J.[1]　This action is for the recovery of damages for the
overflowing of the plaintiff's land, by reason of the embankment of
the defendant's railroad having prevented the natural flow or drain-
age of water off the same.　The recovery is sought upon the ground
that the defendant negligently constructed its road, not putting in
such a culvert as was necessary to carry the water from the east to
the west side of the railroad, as it had been accustomed to flow.　The
land injuriously affected is a nearly level tract, of about seven acres,
in a ravine or marsh adjacent to and east of the railroad.　The rail-
road was constructed across the premises, in a north and south course,
in July and August, 1879.　At that time a culvert was put in about
15 rods south of the northern margin of this tract, and about in the
middle of the ravine or marsh.　At this point, however, the level of
the ground is from one to two feet higher than it is along the north-
ern margin, where, as the plaintiff claims, was a natural channel,
through which the water was accustomed to flow; so that this culvert
would not have carried off all the water accumulating upon this land.
Moreover, as the plaintiff shows by his own testimony, " in building

[1] Collins, J., did not sit in this case.

the railroad the grade or fill crushed the culvert down so that it closed up." He adds, on cross-examination: "I did not see it settle. I was not there. I was not living on the place that summer, and when I came there again it was clear down. This was in the fall. I came back about the latter part of November, 1879." He then qualifies this by saying that he does not recollect whether it was then entirely crushed down, but it was to such an extent that he could not see through it. He says, too, that the building of the railroad stopped the flow of water, but it did not make much of a lake that first summer, because some of the water could go out through the culvert. On the 2d day of December of that year the plaintiff, in consideration of $300 paid, conveyed to the defendant in fee, by deed with the usual covenants, a strip of land 100 feet wide; the granted land being described as "fifty feet in width on each side of the centre line of the Minneapolis & St. Louis R. R., where the same is now located," upon a specified subdivision of land. That embraced the land where that part of the road and embankment in question had already been constructed. This case cannot be distinguished from that of McCarty v. St. Paul, M. & M. Ry. Co., 31 Minn. 278, (17 N. W. Rep. 616.) An examination of the record upon which that decision was made discloses no difference between that case and this, except that in the former case the deed not only conveyed the land upon which the railroad had been already constructed, but it contained an acknowledgment of satisfaction, through the consideration named in the deed, for all damages that had accrued by reason of such construction. This satisfaction for merely past damages could have had no effect to bar a subsequent recovery for the further continuance of a private nuisance, nor could it be effectual as a license to continue to maintain the embankment without sufficient culverts. It was of no importance that such acknowledgment was incorporated in a deed. The decision must be deemed to rest upon the ground that from the sale and unqualified conveyance to the railroad company of the premises upon which its road and embankment had already been permanently constructed, and where it was to be expected to remain, it was to be presumed that the grantor consented to the continued existence of such permanent improvements, for the enjoyment and use of which

the purchase and conveyance of the land was obviously made.   Following that decision, it must be held that upon the case here presented the plaintiff was not entitled to recover.   When he conveyed the premises to the defendant, he knew that there was no culvert through the embankment at the northern margin of this marsh or ravine, where, as he now claims, it should be placed in order to carry the water off his land, and he knew that the railroad embankment had already stopped the flow of water.   It cannot affect the case that he may not then have apprehended the full extent of the injury which would result from this in the future.

Order reversed.

