# MARTIN J. ALLEMAN v. DIRECTOR GENERAL OF RAILROADS OPERATING C. G. W. RY. CO. AND ANOTHER.[1]

October 21, 1921.

No. 22,382.

**Nuisance — judgment notwithstanding verdict.**

1. That notice to abate the nuisance for which plaintiff recovered damages was not given before suit, does not entitle defendant to judgment notwithstanding the verdict, where want of notice was not pleaded, and where defendant attempted to take no other advantage of the lack of proof of notice than by motion for a directed verdict. Defendant did not move for a dismissal or a new trial.

**Appeal and error — judgment non obstante not granted on point not raised in trial court.**

2. Judgment notwithstanding the verdict should not result to a party on appeal upon a ground not presented to the trial court either by the pleadings, or by the motion for directed verdict or by the motion for judgment.

Action in the district court for Mower county to recover $1,350 damages for flooding plaintiff's farm. The answer set up the statute of limitations. The case was tried before Catherwood, J., who when plaintiff rested and at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $118.18. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, defendants appealed. Affirmed.

*Briggs, Weyl & Briggs* and *J. N. Nicholsen* for appellants.

*Sasse & French,* for respondent.

HOLT, J.

The appeal is from a judgment awarding plaintiff damages for the

[1]Reported in 184 N. W. 789.

flooding of his farm. The only ground upon which a reversal is asked is that the court erred in denying defendant's motion for judgment notwithstanding the verdict.

The right of way of defendant's railway extends through plaintiff's 140-acre farm. It runs nearly north and south. A public highway intersects the farm east and west, crossing the right of way by a viaduct under the track. The railway track is laid on a high embankment constructed in part from a borrow pit on the westerly side thereof. That part of the farm north of the highway and west of the right of way slopes toward the east, and the natural outlet for the drainage thereof is a ravine on the east side of the embankment. The claim is that some 18 rods north of the viaduct is the proper place for a culvert through the embankment; that the one existing further north is at too high a level, and as it now is the water held up by the embankment does not pass into the northerly culvert or over the viaduct until a large part of the field is flooded.

The complaint charged as the gist of the action that defendant negligently maintains the railway embankment, without providing a suitable outlet for the surface waters collected by it, thereby maintaining a continuous nuisance to plaintiff's damage. In addition to the general denial defendant's answer admitted ownership of the right of way, and alleged that the railroad was constructed thereon more than 25 years ago, and has been maintained as constructed up to the present time, and pleaded the statute of limitations as a bar.

Defendant rests the appeal on two propositions. The first is that, since it became the owner of the right of way after the construction of the railroad by another, it has not caused the nuisance and is not subject to suit without a previous notice to abate. It is true that a mere passive continuer of a nuisance created by another is entitled to notice before suit. Thornton v. Smith, 11 Minn. 1 (15); Bartlett v. Siman, 24 Minn. 448; Sloggy v. Dilworth, 38 Minn. 179, 36 N. W. 451, 8 Am. St. 656. But no such defense was pleaded. And what is more, it is technical and perhaps goes more to an inadvertent defect in the proof, or to an omission to take a preliminary step prior to suit, than

150 M.—11.

to the merit of plaintiff's cause of action, and defendant should not have judgment. It has refrained from asking a new trial.

The second ground upon which defendant asks a reversal is: The evidence discloses that, after the railroad had been constructed in the shape it now is in, the then owner of the farm conveyed the right of way to defendant's grantor; hence, under the doctrine of Radke v. Minneapolis & St. L. Ry. Co. 41 Minn. 350, 43 N. W. 6, no claim can be made on account of any nuisance due to the manner in which the construction of the railroad interferes with the flow of surface waters. This defense was not pleaded, and the record does not indicate that such an issue was raised or litigated by consent or otherwise. Indeed quite the contrary, for neither the motion for a directed verdict nor the one for judgment non obstante was based upon the ground that plaintiff was concluded or barred by the conveyance of the right of way by the former owner of the farm to defendant's grantor, nor was any issue involving that proposition submitted to the jury.

We are of opinion that defendant should not now be permitted to urge that ground in this court for judgment in its favor on the merits. The Radke case was where a new trial was asked. In McCarty v. St. Paul, M. & M. Ry. Co. 31 Minn. 278, 17 N. W. 616, the defense now urged was pleaded. The record in this case leaves the impression that, had the issue now sought to be raised in this court been made and litigated, there would have been a question for the jury under the rule intimated in the Radke case as to the knowledge the grantor of the right of way had of conditions when the deed was delivered, and also whether or not the passages left for the water at that time have been since maintained in proper condition.

Judgment affirmed.