## POSTON v. CITY OF McALESTER.

No. 18075.  Opinion Filed April 17, 1928.

Rehearing Denied July 24, 1928.

(Syllabus.)

1. Eminent Domain—Sale to City of Land Containing Water Impounded by City—Damages to Landowner Presumed Included in Consideration for Deed.

In an agreement between a landowner and a city in which the former agrees to sell the latter 30 acres of land on which the city has impounded water for public use and the landowner executes and delivers a deed to the city for such purpose, the settlement covers all damages to which the landowner would have been entitled to in a regular condemnation proceeding. The owner is presumed to have contemplated and arranged for such damages in fixing the consideration for the deed.

2. Contracts—Oral Stipulations Superseded by Written Contract.

The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument.

3. Judgment for Defendant in Landowner's Action Against City for Damages Sustained.

Record examined, and held, sufficient to sustain the judgment of the trial court.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by Nellie Poston against the City of McAlester. Judgment for defendant, and plaintiff appeals. Affirmed.

J. S. Arnote, for plaintiff in error.

W. J. Horton and Jackman A. Gill, for defendant in error.

HEFNER. J. The plaintiff, Nellie Poston, sued the city of McAlester, defendant, for damages in the sum of $3,000 accruing to her because the defendant had constructed a dam across Bull creek. The plaintiff owned 330 acres of land in Pittsburg county, which consisted in the main of rocky pasture land not subject to cultivation; a small portion of the land, however, was tillable. The land lying along the creek was fertile and capable of producing crops. The other land was used for grazing purposes. She alleges that by reason of the defendant's construction of the dam across Bull creek, the waters backed up and caused her land and premises to be overflowed and submerged, the defendant thereby appropriating it to its own use as a part of Lake McHoma.

She further alleged that she had been damaged in the sum of $4,100, but the defendant was entitled to a credit thereon in the sum of $1,100, the amount paid by the city to her for 30 acres of land, to which plaintiff executed and delivered a deed. Plaintiff alleged that she agreed to and did compromise and settle with the defendant for the value of the land actually taken possession of, and executed and delivered to the defendant a deed therefor; but she did this in order to avoid the expense of a suit in condemnation proceedings, and in making the settlement plaintiff and defendant could not agree upon the damage to the balance of her land and it was verbally agreed that the transfer of title to the land so conveyed should not affect plaintiff's right to recover damages for depreciation to her other land.

While there were motions made to strike certain portions of the plaintiff's petition, which motions were sustained by the trial court, we think the pleadings may be treated as if a demurrer to plaintiff's petition had been filed by the defendant and sustained by the court. In fact, this is the way it is treated in the briefs. The trial court rendered judgment for the defendant on the pleadings, and the case is brought here for review.

The city contends that when it settled and compromised with the plaintiff and she executed a deed to the 30 acres of land and delivered it to the city and received the $1,100 as consideration therefor, it was a complete satisfaction for all damages, and the city could not be called upon to answer for additional damages.

In the case of Hord v. Holston River Railroad Company, 123 S. W. 637, the Supreme Court of Tennessee said:

"An agreement between a landowner and a railroad company to sell the latter a right of way across the tract of the former covers all damages, of whatever sort, to that tract to which the landowner would have been entitled in a regular condemnation proceeding. He is presumed to have contemplated and arranged for all such damages in fixing the consideration for the contract, and he is therefore remitted to it."

The following cases announce the same doctrine: McCarty v. St. Paul, N. & M. Ry. Co. (Minn.) 17 N. W. 616; Watts v. Norfolk & W. R. Co. (W. Va.) 19 S. E. 521; Irwin v. Yazoo & M. V. R. Co. (Miss.) 55 So. 49; Radke v. Minneapolis & St. L. R. Co. (Minn.) 43 N. W. 6; Hodge v. Lehigh Val.

R. Co., 39 Fed. 449, 451; Western Pac. R. R. Co. v. Reed et al., 35 Cal. 621; White v. Manhattan Ry. Co. (Court of Appeals, N. Y.) 34 N. E. 887.

The great weight of authority seems to hold that when a party executes a deed to land for a public use and accepts a valuable consideration therefor, it is conclusive upon the party executing the deed, and the party so executing the deed cannot thereafter recover additional damages.

The plaintiff contends that she can recover because of the verbal agreement alleged to have been entered into at the time the deed was executed and delivered to the city. The defendant contends that the alleged verbal agreement contradicts and varies the deed executed by the plaintiff.

The plaintiff alleges that the oral agreement was made at the time the deed was executed and delivered to the defendant. Section 5035, C. O. S. 1921, is as follows:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument."

This statute clearly excludes all oral negotiations or stipulations concerning or connected with the execution of this deed. To admit such evidence would be to violate not only the statute but the familiar rule that parol evidence is not admissible to vary the terms of a written contract. In the case of Irwin v. Yazoo & M. V. R. Co., 55 So. 49, the Supreme Court of Mississippi said:

"When the deed from Harris to the railroad company was executed. all damages resulting to the property now owned by appellants were thereby necessarily released, for the reason that at the time Harris was the owner of the entire tract of land out of which the lots now owned by appellants were carved. The fact that, simultaneously with the execution of this deed, another deed was made by Harris, by which he divided the land into separate lots, does not alter the situation.

"It may be that Harris and the railroad company had a verbal agreement that the additional 26½ feet of land conveyed was to be used only for depot purposes; but this agreement, not having been included in the written agreement contained in the deed, cannot, under elementary rules, be now added thereto by parol. According to the deed, the land was conveyed 'for a right of way for its railroad track and for railroad purposes'."

Under the general rule of evidence, under our statute and under the Irwin Case, supra, the alleged parol agreement could not be introduced in evidence.

The judgment of the trial court is affirmed.

BRANSON. C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 20 C. J. p. 870, §299. (2) 13 C. J. p. 597, §616; anno. 17 L. R. A. pp. 271, 273; 10 R. C. L. p. 1017; 2 R. C. L. Supp. p. 1140; 4 R. C. L. Supp. p. 686; 5 R. C. L. Supp. p. 582; 6 R. C. L. Supp. p. 635.   (3) 4 C. J. p. 1129, §3122.