# REES v. TICHENOR.

### April 9, 1836.

### *Demurrer.*

In debt on bond given by a deputy sheriff to the sheriff, conditioned that defendant " shall serve and execute all writs and process which may come into his hands ; pay over all moneys, &c. ; execute, perform and fulfil all trusts, obligations and duties to the office of deputy sheriff appertaining, and keep harmless and indemnified the plaintiff from all losses, actions, &c., by reason of any thing he might do or omit to do in said office, &c.," the plaintiff in his declaration assigns for breaches generally, that the defendant did *not* serve and execute all writs, &c., without assigning specifically the particular breaches.

*Held :* 1. The defendant may treat the plaintiff's assignment of breaches as a nullity, and plead performance and *non damnificatus,* concluding with a *verification.* 2. Upon such pleas and conclusion, the plaintiff must proceed either by replication or an amendment of the declaration, to set out the particular breaches. 3. But if the defendant on such pleas concludes *to the country,* the court will not permit the cause to be set down for trial, but will order a repleader, such an issue being bad.

THIS was an action of debt upon bond with condition that Richard Tichenor, one of the defendants, during his continuance in the office

of deputy sheriff, should, without delay, serve and execute all writs and processes which came to his hands; and should, without delay, pay over all moneys that came to his hands, and should execute, perform and fulfil all trusts, obligations and duties to the office of deputy sheriff appertaining, and should keep harmless the plaintiff, his executors, &c. from all actions, &c. by reason of any thing the said Tichenor might do or omit to do.

The plaintiff set forth the condition in his declaration, and without alleging that any writs or money came to his hands, averred generally that the said Tichenor did not, without delay, serve and execute all writs and processes; that he did not, without delay, pay over all moneys that came to his hands; that he did not execute, perform and fulfil all trusts, obligations and duties to the said office appertaining; and that he did not save harmless the said plaintiff by reason of every thing he did or omitted to do.

Instead of demurring to the declaration, the defendants treated this assignment of breaches as a nullity, by pleading performance generally as to the first three clauses of the condition, and *non damnificatus* as to the last clause, concluding his plea with a verification.

The plaintiff demurred to this plea, and assigned as the cause of demurrer *that it should have concluded* to the country.

*Holcomb,* for plaintiff.
*Meredith,* for defendant.

The opinion of the Court was delivered by

JONES, J.—The usual course of pleading upon a bond like this is for the plaintiff to declare in debt for the penalty. The defendant then claims oyer of the condition, and pleads performance, or *non damnificatus* generally, according to the nature of the stipulation. The plaintiff, in his replication, sets forth the particular breaches, and the defendant rejoins, either by way of traverse, tendering an issue, or by way of confession and avoidance, or he demurs. Postmaster *v.* Cochran, 2 *Johns. Rep.* 413.

The plaintiff may, however, set out the condition and assign the particular breaches in his declaration, but by this course he gives the defendant the advantage of pleading, with the leave of the court, any number of pleas to each breach. *Chit. Plead.* 506; 2 *Johns.* 413.

If the plaintiff assigns the breaches specifically in his declaration, the general plea of performance or of *non damnificatus,* on which no

[Rees v. Tichenor.]

issue can be taken, is bad.    The defendant must answer each breach specifically assigned specially.

In this case, there is nothing specific in the nature of the defendant's undertaking.    It was to execute, without delay, all writs, pay all moneys received, and to perform all the trusts and duties of his office.    It is a proper subject of a general plea, and the plaintiff's objection to the plea is not, that it does not show particularly the manner of the performance, but that it concludes with a verification.

If the plea had concluded to the country, it is obvious that the issue to be tried would be as broad as the undertaking; and the inquiry before the jury might have extended to the whole time Tichenor was in office, and to every official act done by him.

The allegations of both parties are as general and indefinite as they could have been made, and the result of allowing such an issue to be put down for trial would be, that the particular breaches would not be assigned at all upon the record, but only orally upon the production of the testimony during the trial; whereas the statute 8th and 9th *Wm* 3, ch. 11, according to the construction given to it, requires the plaintiff to assign *upon the record* the particular breaches for which he demands damages.

The case of Plomer *v.* Ross, 5 *Taunt.* 386, shows that such an issue would be bad by the common law, and under the statute.    In that case the defendant, upon oyer, pleaded performance and *non damnificatus* generally, as the defendants have pleaded in this case. The plaintiffs replied that the obligors had not well and truly performed any of the covenants, &c., and tendered an issue to the country.    They then averred upon the record three several breaches, in sums of money received, and not paid over according to the covenant, so that in that case the particular breaches did appear upon the record, though they were not a part of the replication.    The defendant rejoined by joining in the issue.    The court ruled that the issue was immaterial, arrested the judgment, and awarded a repleader, with directions to the plaintiff specially to assign the breaches upon which he intended to rely.    The case of Serra *v.* Wright, 6 *Taunt.* 46, may also be cited.    In that case the defendant demurred because the plaintiff had alleged that the defendant did not deliver an account of moneys received by him in his office, but did not allege, nor did it appear, that he had received any moneys by virtue of his office.    This was a negative pregnant, and the omission to allege a receipt of money by the defendant, precluded him from traversing

I.—Y

[Rees v. Tichenor.]

the receipt, which perhaps was his defence. The court thought the breach ill assigned and the declaration defective.

The objections made in that case apply to this.

In regard to the stipulation to indemnify and save the plaintiff harmless from the acts and omissions of Tichenor, the rules of pleading allow the defendants to plead negatively, as they have done in this case; Codner *v.* Dolby, *Cro. Jac.* 363; Horseman *v.* Obbin, *Cro. Jac.* 634; 1 *Williams's Saund.* 117, *n.* (1); and that being done, the plaintiff must show how he has been damnified.

Upon the whole case we are of opinion that the demurrer cannot avail the plaintiff. The defendants might have demurred to the declaration, or they might treat the assignment of breaches in the declaration as a nullity, and by concluding their plea with a verification, compel the plaintiff to assign the breaches upon which he relies specifically. If the defendant had taken issue to the country, the court might have refused to allow the cause to be put down for trial, and ordered a repleader.

But we shall not enter judgment immediately upon this demurrer, unless the plaintiff prefers that course. He has permission to withdraw it, and assign the particular breaches for which he demands damages in reply to the defendant's plea, or he may move for leave to amend his declaration, as he shall deem advisable.

Leave accordingly.