## Meck's Appeal.

A. agreed with B. that upon the death of both A. and his wife, A.'s executors should convey a certain tract of land to B., B. to pay for the same in instalments,   In the meantime during the life of A. and his wife, A. agreed that B. should enter into the possession of said land, paying a specified rent therefor.   A. further reserved the right to live on said premises, for himself and wife during their lifetime.   B. accordingly entered into exclusive possession of part of the premises, and into concurrent possession with A. and his wife of the residue thereof, and afterwards died intestate before A., leaving his widow and children resident on the land.   A. then filed a bill against the widow and children of B., averring that the articles of agreement as to the land were void and inoperative, but that they constituted a blot on complainant's title, and praying that they might be cancelled and delivered up.   A. died pending the suit, having made a will subsequent to the date of the agreement aforesaid, revoking all former dispositions of his property.   His representatives were substituted as complainants.   *Held*, that the defendants having entered into possession under the agreement without either fraud, accident or mistake, were entitled to have their title tried by a jury, and that the bill should therefore be dismissed.   *Held*, further, that the agreement between A. and B., could not be deemed a testamentary instrument on A.'s part, and was not therefore revoked by the provisions of his subsequent will.

March 1st 1880.   Before Sharswood, C. J., Gordon, Paxson and Sterrett, JJ.   Mercur, Trunkey and Green, JJ., absent.

Appeal from the Court of Common Pleas of *Berks county :* Of January Term 1880, No. 305.   In Equity.

Bill in equity, filed December 29th 1873, by Samuel Meck against Catharine Meck, widow and administratrix of Isaiah Meck, deceased, and Henry Meck et al., children of said Isaiah Meck, deceased.   The plaintiff died pending the suit, and his executors, Samuel Meck and Charles Meck were substituted of record.

The bill set forth that on December 10th 1863, the plaintiff, Samuel Meck, and his son, the said Isaiah Meck, entered into articles of agreement, whereby the said Samuel Meck, for himself, his heirs, executors, &c., did "covenant, promise, grant and agree to and with the said Isaiah Meck, his heirs and assigns, by these presents, that he, the said Samuel Meck, agrees and directs that his executors, or some one of them, shall and will immediately after the death of himself and his wife, both of them, at the proper costs and charges of said Isaiah Meck, his heirs and assigns, by good and lawful deed or deeds, well and sufficiently grant, convey and assure unto the said Isaiah Meck, his heirs and assigns, in fee simple, clear of all encumbrances, all that certain messuage, tenement and tract of land, situate in said district, township, county and state aforesaid, bounded and limited as follows, to wit: namely, containing one hundred and eight acres and twenty perches.

" In consideration whereof, the said Isaiah Meck, for himself, his heirs, executors and administrators, doth covenant, promise and agree to and with the said Samuel Meck, his heirs and assigns, by these presents, that he, the said Isaiah Meck, his heirs, executors and administrators, or some one of them, shall and will, on the execution and delivery of the said deed as aforesaid, well and truly pay, or cause to be paid, unto the said executors, or some one of them, the sum of five thousand dollars, in manner following, to wit : Five hundred dollars shall be paid one year after the death of said Samuel Meck and his wife Anna (no payment can be required until one year after they are both dead), and then five hundred dollars every year until the whole amount of five thousand dollars is paid, making in all ten yearly payments. And for said unpaid amounts the said Isaiah Meck must pay four per cent. interest until paid, commencing one year after the death as aforesaid. And it is further agreed by both parties, that the said Isaiah Meck shall farm and possess the said tract of land before mentioned during the natural lifetime of said Samuel Meck and his wife Anna, under the following condition and terms : To commence on the first day of April, Anno Domini one thousand eight hundred and sixty-four. The said Isaiah Meck must, for the consideration as the yearly rent, give to the said Samuel Meck, or to his wife Anna Meck, one-half of all the winter grain and one-half of the corn, and one-third of the oats and buckwheat; and the said Isaiah Meck must pay all the road tax, but Samuel Meck must pay the county and state tax ; hay and straw, manure, and all the grain in the ground, must remain on the premises after the death as aforesaid. * * * The said Samuel Meck must do all the repairing of said premises. Samuel Meck agrees to buy four hundred bushels of lime to be put on the land every year ; Isaiah must haul said lime free of charges. The said Isaiah Meck must plough in and out the potatoes as many as the said Samuel Meck needs. The said Samuel Meck reserves all the apples on the side where the house is erected, one-half of the pears and also *reserves the right to live on the said premises for himself and his wife during their lifetime.* It is also agreed by Samuel Meck, that if any iron ore is found on said premises, the said Isaiah Meck shall be entitled to one-half of the income thereof."

This instrument was acknowledged December 10th 1863, and recorded December 16th 1863.

Isaiah Meck went into possession of the premises in 1864, and farmed the same until his death, on November 6th 1865, after which his widow, Catharine Meck, and his children, continued to reside on the premises and farmed the same until April 1867, when they ceased farming, and the property was rented by Samuel Meck to one Beidler, and subsequently to other farmers.

[Meck's Appeal.]

Samuel Meck, in 1873, made his last will, disposing of all his property and revoking all former dispositions thereof made.

The plaintiff averred that the said articles of agreement of December 10th 1863, became void and inoperative by the death of Isaiah Meck and the abandonment of farming by his widow, and were revoked by the will of Samuel Meck. The plaintiff averring that he feared that the existence of said instrument in the hands of defendants may be a cloud upon his title, and subject him and his estate to future litigation, when the facts may no longer be capable of proof, prayed that the said agreement might be cancelled and delivered up, and the defendant be restrained by injunction from setting up any claim thereunder.

After answer filed, the cause was referred to a master in chancery (William M. Goodman, Esq.), who found the facts substantially as set forth in the bill, and further that Isaiah Meck, soon after taking possession in 1874, built a new house on the farm which he occupied with his family until his death, and his widow and children have occupied it ever since. Samuel Meck and his family resided on the property in the old mansion house.

The master reported, as matter of law, that the instrument of December 10th 1863, was an executory contract and not a grant or devise; that the rights of the parties to the contract or their representatives are mutual and ought to be determined by another proceeding; that the instrument is in no sense a cloud upon title entitling the plaintiff to relief on the principle of *quia timet;* that no mutual mistake had been proved; and the master recommended that the bill be dismissed for want of jurisdiction.

Exceptions filed by the plaintiff to the master's report were sustained by the court, who held that the instrument was testamentary in its character, and was therefore revoked by the subsequent will of Samuel Meck. The court therefore entered a decree in accordance with the prayers of the bill.

The defendants took this appeal assigning the decree for error.

*J. S. Livingood* (*H. Maltzberger* with him), for the appellant.— The articles of agreement vested an equitable beneficial interest in Isaiah Meck immediately upon its execution, subject to no condition or contingency. He took possession under the contract of sale, not simply under the clause of lease. Isaiah Meck or his representatives are not released from his covenants to pay the purchase-money, nor are Samuel Meck's representatives released from his covenants. The instrument was in no sense testamentary, so as to be revocable by a subsequent will of Samuel Meck against the consent of Isaiah.

*D.* and *J. N. Ermentrout*, for the appellee.

[Meck's Appeal.]

Mr. Justice PAXSON delivered the opinion of the court, May 2d 1881.

This case comes under no recognised head of equity jurisdiction. It is not alleged that there was either fraud, accident or mistake in connection with the written instrument executed by Samuel Meck and Isaiah Meck, and bearing date the 10th of December 1863. It is not denied that Isaiah Meck entered into possession of the farm specified in said agreement and in pursuance thereof, and that Catharine Meck, his widow, and his minor children are in exclusive possession of a part of the premises, and a disputed or concurrent possession of the remainder. The plaintiff seeks, and the court below ordered, that the agreement referred to be delivered up to be cancelled upon the ground that it is a blot upon the plaintiff's title. That it is such blot may be conceded without admitting plaintiff's right to have it removed in this summary manner.

The object of the proceeding is patent. With the agreement destroyed by a decree in equity, the road will be open for a recovery of possession by an action of ejectment. The defendants could not then use it as a shield to defend their possession. In other words, this bill is a mere tender to a writ of ejectment.

We are of opinion that it cannot be so used. The attempt to convert the deed into a last will and testament does not help the matter. The question may well be asked, whose will? It is a contract *inter partes*, and in this respect differs from Turner *v.* Scott, 1 P. F. Smith 126, and other cases in which a conveyance of land intended to take effect after the death of the grantor, was held to be a testamentary disposition of the property. Here the contract was expressly stated to be for the sale and purchase of the farm for a price agreed upon; the purchase-money to be paid after the death of the vendor, and the title to be made by his executors and administrators; in the meantime the vendee to occupy the premises under a stipulated rent. We will not anticipate questions that may hereafter arise by now passing upon the legal effect of this paper, and it is referred to as showing that the defendants having entered into possession under such an agreement without either fraud, accident or mistake, have at least the right to have their case passed upon by a jury in a common-law proceeding.

The decree is reversed, and the bill dismissed with costs.