Samuel M. Clements, Sheriff of Philadelphia County, to the use of A. B. Vance, Bailiff, Appellant, *v.* Michael A. Dempsey and Henry Jones.

*Practice, C. P.—Motion for judgment on bond for collateral acts—Essentials of statement—Measure of damage.*

To entitle a plaintiff in an action upon a bond, conditioned for the performance of collateral acts, to a judgment for want of an affidavit of defense, his statement of claim must not only allege the breach in clear and unequivocal language, but must also set out the damages specifically, so that upon judgment by default they may be liquidated with certainty.

Even where a cause of action may be conceded from the statement the measure of damages is not the penalty of the bond, but the actual damages sustained in the particular case.

The statement alleged that a writ of replevin had been quashed (and there was therefore no judgment), the averment was " that by reason of said writ of replevin the constable was prevented from collecting rent, to wit: $77.00, and costs to amount of $37.00." This averment was met by a direct and positive affirmance that the rent had been paid by the tenant with costs of the distress. *Held*, that the plaintiff was not entitled to judgment for want of a sufficient affidavit of defense.

Argued Oct. 4, 1897. Appeal, No. 137, Nov. T., 1896, by A. B. Vance, bailiff, from order of C. P. No. 2, Phila. Co., Dec. T., 1895, No. 336, refusing rule for judgment for want of a sufficient affidavit of defense. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Assumpsit on replevin bond.

It appears from the statement that on November 25, 1895, Vance as bailiff for the landlord distrained goods upon premises of Mary H. Skeffington for $77.00 arrears of rent, whereupon Michael A. Dempsey issued a writ of replevin for certain goods on said premises, and Henry Jones became surety on the replevin bond and the goods were delivered to Dempsey. A rule was subsequently taken by Vance, bailiff, to quash the writ of replevin, which rule was made absolute and the replevin quashed. Vance then took the assignment of the replevin bond from the sheriff to him as bailiff and suit was brought thereupon.

The affidavit of defense alleged that besides and beyond the goods and chattels that were replevied by Dempsey there remained on the premises in the custody of the bailiff goods of the tenant more than sufficient to pay rent in arrear and costs of distraint, which goods the bailiff retained possession of until the tenant paid him all the rent and costs, so that the distress upon the goods so replevied by Dempsey was fully paid and discharged, and the entire claim of the bailiff for rent, arrears and costs of distraint and all other expenses arising by reason of the same were fully paid, discharged and satisfied, and the goods and chattels replevied by Dempsey entirely exonerated from all liability to the bailiff by reason of the premises.

*Error assigned* was in not entering judgment in favor of the plaintiff for want of a sufficient affidavit of defense.

*Wm. Gorman*, for appellant.—The law and practice is well settled in cases on replevin bonds. Judgment de retorno habendo is not essential to a recovery on a replevin bond: Bank v. Hail, 107 Pa. 583; Moore v. Bowmaker, 7 Taunt. 97; Gibbs v. Bartlett, 2 W. & S. 29; Clark v. Morss, 142 Pa. 311.

The several undertakings stipulated by the replevin bond constitute a distinct and independent condition, and a breach of any one of them will constitute a forfeiture: Watterson v. Fuelhart, 169 Pa. 612.

The purpose of the bond is not merely to secure to the defendant the execution of the judgment he may recover, but it is intended rather as an indemnity to the defendant for the taking of the property from his possession: Smith v. Whiting, 97 Mass. 316.

*R. O. Moon*, for appellees.—The writ being quashed the bond was legally wiped out. None of the cases cited by appellant touch on this question in the remotest degree.

The statement filed by the plaintiff is for $300 with interest, that being the penalty of the bond.

The real debt and interest is all appellant can claim: Barr v. McGary, 131 Pa. 401.

It is absolutely necessary to set out in the declaration the

condition of a replevin bond, and the breach of it: 1 Chitty, Plead. 369; and in stating the breach, the judgment in replevin should be set out: 2 Chitty, Plead. 452.

Tried by this rule the plaintiff's statement was insufficient. It did not show the nature and amount of the plaintiff's demand with such certainty as to require an affidavit of defense, or to enable the court to liquidate the judgment to a certainty, in case no affidavit was filed.

OPINION BY RICE, P. J., March 21, 1898 :

To entitle the plaintiff in an action upon a bond, conditioned for the performance of collateral acts, to a judgment for want of an affidavit of defense his statement of claim must not only allege the breach in clear and unequivocal language, but must also set out the damages specifically, so that upon judgment by default they may be liquidated with certainty : Com. v. Yeisley, 6 Pa. Superior Ct. 273; Byrne v. Hayden, 124 Pa. 170 ; Barr v. McGary, 131 Pa. 401. In an action upon a replevin bond it is held, that, if the judgment is de retorno habendo, the value of the goods stated in the writ and bond may be taken, and the judgment liquidated on that basis, but if it is for rent in arrear, the amount of the rent recovered in the replevin suit furnishes the measure of the recovery on the bond : Barr v. McGary, supra. Here the writ was quashed, hence there was no judgment de retorno habendo nor for the rent in arrear. Conceding, however, for the purposes of the case, that there was a breach of the condition of the bond to prosecute the suit with effect, for which an action would lie (Balsley v. Hoffman, 13 Pa. 603 ; Bank v. Hall, 107 Pa. 583), the measure of damages is not the penalty of the bond, but the actual damages sustained in the particular case. For the purposes of a motion for judgment for want of an affidavit of defense, or of a sufficient affidavit of defense, these, as we have seen, must be set forth in the plaintiff's statement with such particularity that the specific sum to which the plaintiff is entitled may be ascertained with certainty ; what is not so set forth need not be considered on the hearing of such a motion.

The only averment of damages which under this plain rule we are called upon to consider is, " that by reason of the said writ of replevin the said A. B. Vance was prevented from col-

lecting the said rent, to wit: seventy-seven dollars, with costs to the amount of thirty-seven dollars, in all the sum of one hundred and fourteen dollars." Whether or not there are other damages, which under proper averments the plaintiff might be entitled to recover, is immaterial in the present inquiry, for the reason that no others are specifically set forth. The suggestion that under the act of 1779 the court, besides quashing the writ of replevin, may and shall award treble costs (the costs of suit not of the distress) to the defendant in such writ, goes for naught without an averment of the amount of such costs, even if it be conceded that they would be recoverable in an action on the replevin bond. We may, therefore, leave that suggestion out of view and confine our attention to the specific averment above quoted. The defendant meets this with a direct and positive affirmance that the tenant paid the rent in arrear and the costs of the distress. But if these were paid by the tenant, who was primarily liable for them, we know not upon what principle the bailiff can resort to the replevin bond to collect them out of a third person whose goods happened to be upon the premises, and to be included in the distress.

Appeal dismissed at the costs of the plaintiff, but without prejudice.