JONES v. GENERAL MOTORS ACCEPTANCE CORPORATION.*

(Division A.   Jan. 16, 1928.)

[115 So. 201.   No. 26836.]

APPEARANCE. *Replevin. Executing forthcoming bond waived defect in serving replevin writ, constituted entry of appearance, and was binding, though not approved in statutory manner.*

Execution of forthcoming bond waived any defect in service of writ of replevin, constituted entry of appearance, and was bind-ing on principal and sureties, though not approved by an of-ficer having right under statute to do so.

---

*Corpus Juris-Cyc. References: Appearances, 4CJ, p. 1332, n. 78; Re-plevin, 34Cyc, p. 1454, n. 33.

Appeal from circuit court of Marion county.

Hon. J. Q. Langston, Judge.

Action between Percy R. Jones and the General Motors Acceptance Corporation. From the judgment, Jones appeals. Affirmed.

*B. J. Goss* and *Rawles & Hathorn* filed a brief for appellant making the contentions that the affidavit for the writ of replevin was sworn to by I. M. Thornhill agent for appellee, General Motors Acceptance Corporation, and that the writ of replevin was executed by I. M. Thornhill as city marshal; that Thornhill was incompetent to serve the writ and that the service and return were void and did not legally support a judgment by default.

*Hall & Hall,* for appellee.

The only contention made by appellant is that the service of the writ and the officer's return are irregular, because I. M. Thornhill was incompetent to serve the writ, for two reasons, viz: First, because he is only city marshal and *ex-officio* constable, and the circuit court writs can be served only by a sheriff; and second, because I. M. Thornhill is an interested party, he having made the affidavit in replevin as agent for the appellee. Without entering into an argument of either of these questions, we submit that appellant cannot now complain because of any defects in the service of the writ, because, after service upon him, he entered his appearance in the cause by filing a forthcoming bond, returnable to the very term of court at which judgment by default was taken. This cause is in the nature of an action *in rem,* and after the writ was served and the property taken in charge by the officer, the defendant appeared and filed a bond, and the property was delivered back to him and he still has it. The authorities are numerous to the effect that by

so doing, he waived any defects which may have existed in the service of the writ upon him. The primary purpose of process is to give notice of the pendency of litigation and get the defendant into court, and this purpose is accomplished when he files a replevin bond and retakes possession of the property. The authorities are numerous on this proposition, and the rule has been uniform in Mississippi throughout the history of our jurisprudence. *Richard* v. *Mooney,* 39 Miss. 357; *Forbes & Beck* v. *Navra,* 63 Miss. 1; *Spears* v. *Robinson,* 71 Miss. 774. In *Furst* v. *Pease,* 97 Miss. 468, the court said: "A recital in a bond concludes the parties as an admission of the facts recited."

It will be borne in mind that the bond given by appellant in this case by which he obtained possession of the property recites that the next term of the circuit court of Marion county, Mississippi, would be held at the court house in the city of Columbia, on the first Monday in May, A. D. 1927, and since this recital appears in his bond, he is concluded to a knowledge as to the time and place when he was to appear and defend this suit. The rule seems to be practically universal. 34 Cyc. 1460; 34 Cyc. 1595 and 1596; 4 C. J. 1323 and 1324. There are numerous Alabama cases announcing the same rule as the Mississippi cases above cited. *Alabama Pine Co.* v. *Merchants & Farmers Bank,* 109 So. 358; *Ex parte Tucker,* 94 So. 276; *Chastain* v. *Armstrong,* 3 So. 788; *Oliver* v. *Kinney,* 56 So. 203; *Hall* v. *Pearce,* 96 So. 608.

The execution by defendant of a forthcoming or redelivery bond in replevin or bail trover is an appearance in the action. *Ferguson* v. *McKee* (Okla.), 125 Pac. 458; *Turner* v. *Dodson* (Okla.), 121 Pac. 1087; *Cheatam* v. *Morrison* (S. C.), 15 S. E. 924. It seems that our statute on the subject of bonds also has a very material application in the case at bar. Sec. 778, Hemingway's 1927 Code, or sec. 742, Hemingway's 1917 Code, or sec. 1022, Code of 1906.

SMITH, C. J., delivered the opinion of the court.

The execution by the appellant of the forthcoming bond waived any defect in the service of the writ of replevin, constituted an entry by the appellant of his appearance in the cause, and was binding on him and his sureties, although not approved by an officer having the right under the statute so to do.

*Affirmed.*