## Ruggles v. The American Surety Company of New York

*John P. Vallilee* and *William G. Schrier*, for plaintiff.
*Rodney A. Mercur*, for defendant.

EVANS, P. J., twenty-sixth judicial district, specially presiding, September 11, 1931.—The suit in this case is brought to recover the sum of $256.39, with interest, from the defendant surety company on a bond of indemnity. The plaintiff, John A. Ruggles, and N. F. Walker and Charles Lee Crandall were the duly elected and qualified and acting County Commissioners of Bradford County for the years 1920-1923, inclusive. Before acting in performance of the duties of the office of county commissioner, they each gave a

separate bond, with surety in the sum of $5000, to the Commonwealth for the use of Bradford County for the faithful performance of their duties as county commissioners. The defendant surety company became surety on the bond of Charles Lee Crandall, one of the said county commissioners.

The accounts of the said commissioners for the year 1923 were audited by the county auditors in due course. Dissatisfied taxpayers of the county appealed from the report and the appeal resulted in a surcharge and judgment against the commissioners. The judgment, costs and counsel fees of the commissioners, in resisting the surcharge and judgment, aggregated $1538.88. Two of the said commissioners, the plaintiff, John A. Ruggles, and N. F. Walker, voluntarily paid to Bradford County the total amount of the said judgment, debt, interest and costs and counsel fees incurred in resisting the surcharge.

The plaintiff, John A. Ruggles, brings this suit against the defendant surety company on the surety bond of Charles Lee Crandall, one of the said county commissioners, for the purpose of recovering one-sixth of the amount of the surcharge and judgment and counsel fees voluntarily paid by Walker and himself.

The reasons urged by defendant's counsel for striking off the plaintiff's statement are:

"1. The suit is based on disbursements made jointly by John A. Ruggles, the plaintiff, and N. F. Walker in the payment of a judgment obtained against them and Charles Lee Crandall, the result of being surcharged as County Commissioners of Bradford County, without joining the said Walker as a coplaintiff.

"2. The suit is based on a penal bond conditioned for the performance of a collateral undertaking, and the statement contains no averment of a breach of the bond."

Plaintiff's counsel state in their brief:

"This is an action brought by one of two county commissioners against the surety of the third upon an implied promise of contribution growing out of a surcharge against all three county commissioners for moneys illegally and wrongfully appropriated by them as commissioners during their term of office, which surcharge was eventually paid by two of the commissioners, one of whom is the plaintiff in this action."

In a suit on an official bond, the assignment of breaches must be specific; if it be general and indefinite, the defendant may plead performance and non damnificatus: Rees v. Tichenor, 1 Miles 183.

In an action upon a penal bond conditioned for the performance of a collateral undertaking, the plaintiff must not only aver, but, unless relieved by the pleadings, prove the breach as well as the damages sustained thereby: Byrne v. Hayden, 124 Pa. 170.

Upon a bond of indemnity, there can be but one judgment against the same party, and that must be for the amount of the penalty, with an assessment of damages by the jury upon the breaches assigned: Duffy and Mehaffy v. Lytle, 5 Watts 120; Keating v. Peddrick, 240 Pa. 590.

To entitle a plaintiff, in an action upon a bond conditioned for the performance of collateral acts, to a judgment for want of an affidavit of defense, his statement of claim must not only allege the breach in clear and unequivocal language, but must also set out the damages specifically: Clements v. Dempsey, 7 Pa. Superior Ct. 52.

In the instant case, the bond sued on is conditioned for the performance of collateral acts, undertakings of Charles Lee Crandall during his term of office

as County Commissioner of Bradford County for the years 1920-1923. There is no averment in the plaintiff's statement that the bond was breached. Moreover, the bond was given to indemnify and save harmless Bradford County from the wrongful acts of Charles Lee Crandall, and not to indemnify and save harmless Ruggles, the plaintiff, from the wrongful acts of Crandall.

Concededly, the county commissioners were surcharged because of wrongdoing. The surcharge and judgment against them was the result of their wrongdoing as county commissioners during the year 1923. All were equally culpable. The surcharge was made against all three of them. They were joint tortfeasors, each liable to the county for the total amount of the surcharge and judgment. To permit the plaintiff to recover in this suit from the surety on a joint tortfeasor's bond would be to permit him to take advantage of his own wrong. This, we think, he is clearly estopped from doing. One joint tortfeasor may not recover from another joint tortfeasor. In Betcher v. McChesney, 255 Pa. 394, Mr. Justice Stewart, at page 396, said:

"When the action is brought against one joint tortfeasor and compensation is recovered from him, the one so compelled to pay may not enforce contribution from the others, notwithstanding they stand in like transgression with himself."

The rule in this case was granted August 24, 1931, and made returnable October 5, 1931, but, by agreement of counsel for the parties, the return day of the rule was advanced to September 1, 1931.

For the reasons above given, the rule should be made absolute.

And now, September 11, 1931, the rule is made absolute and the plaintiff's statement is stricken off without prejudice.