York Ice Machinery Corporation, Appellant, *v.*
Robbins et al.

Argued May 12, 1936.  Before KEPHART, C. J., SCHAF-
FER, MAXEY, LINN, STERN and BARNES, JJ.

*Edmund R. Finegan,* with him *Saul, Ewing, Remick & Saul,* for appellant.

*Gerald G. Dolphin,* with him *J. Wilson Ames, Victor A. Decker* and *James R. Scouton,* for appellees.

OPINION BY MR. JUSTICE BARNES, June 26, 1936:

This is an appeal from the order of the court below quashing a writ of replevin on the ground that a proper replevin bond had not been filed by appellant, plaintiff in the lower court. The writ issued on August 1, 1933, to recover certain ice-freezing machinery, and with the writ was filed a bond bearing appellant's corporate seal and the signature of its branch treasurer. On behalf of the surety, the bond was executed by two attorneys-in-fact, who filed therewith a copy of their power of attorney, certified to be authentic by a document bearing the corporate seal of the surety with the signature of its assistant secretary.

On November 6, 1933, appellees gave a counter-bond and retained possession of the machinery. In July of 1934, over eleven months after the issuance of the writ, appellees petitioned to quash the original writ of replevin upon the ground that appellant's bond was defective. This was denied, but an offer of a new bond was made which the court below allowed. After the new bond had been furnished, the court reopened the question and quashed the original writ. From this order an appeal has been taken.

As one ground for its action, the court below held that the bond was invalid because at the time of the filing thereof, the surety did not have on record in the county a certificate from the insurance commissioner as provided in the Act of June 25, 1885, P. L. 181, section 1, as amended by the Act of June 29, 1923, P. L. 943, section 1. By section 8 of the Replevin Act of April 19, 1901, P. L. 88, the authority to approve or reject the security offered is, in the first instance, vested in the prothonotary, his judgment thereon being subject to revision by the court. The Act of 1885, as amended, does not make it a prerequisite to the exercise of the judgment of the prothonotary or the court, or to the validity of the bond, that the surety offering it have on record a certificate from the insurance commissioner. It leaves the approval of sureties to those having the power under existing laws, but provides that, where a surety has been approved by the insurance department of the State and has filed in the prothonotary's office of a particular county a certificate showing its authorization to become a surety, the certificate shall be conclusive proof of its qualifications. While, therefore, the filing of a certificate conclusively establishes the capacity of a surety to act as such, a prothonotary or court may still accept a bond executed by a responsible surety even though the latter does not have such certificate on file in the county. The court below wholly misapprehended the provisions of the statute. Here it appears that a certificate was filed within a month after this bond had been placed on record. In disqualifying the surety on this ground alone, and in holding that its bond was therefore invalid, the court below was in error.

The Replevin Act makes the filing of a validly executed bond a condition precedent to the issuance of a writ: See *Huron Leather Co. Ltd. v. Sklar,* 101 Pa. Super. Ct. 534. A replevin bond, by the terms of the act, is security for the value of the goods replevied and

damages consequential upon their taking and for costs, if it is shown that plaintiff had no right or title to them. Primarily, however, such a bond is intended for the protection of the defendant to the extent of the value of the goods. When, as in this case, a defendant chooses to file a counter-bond, certainly the most important purpose of the plaintiff's bond disappears. A defendant has the option of proceeding to quash the writ if a bond is defective or invalid; he need not give a counter-bond to secure possession of the goods under those circumstances. On the quashing of the writ possession of the goods is restored to him. When, instead, the defendant chooses to file a counter-bond, and after a delay of eleven months seeks to quash the writ on the ground that the plaintiff's bond is defective, not only is his motion not timely made, but his repossession of the goods by the counter-bond effectively waives any defects in plaintiff's original bond. It has been so held in other jurisdictions: *DuRant v. Brown Motor Co.,* 144 S. E. 705 (S. C.) ; *Jones v. General Motors Acceptance Corporation,* 115 So. 201 (Miss.) ; *Hudelson v. First National Bank,* 71 N. W. 304 (Neb.) ; *Carraway v. Wallace,* 17 So. 930, (Miss.). However, since the plaintiff's bond is also security to defendant for damages and costs, a bond of plaintiff is required in the replevin action. Notwithstanding that defendant has retained possession of the goods sought to be replevied by counter-bond, the bond of the plaintiff necessarily remains as security to defendant for his damages and costs incurred should he prevail in the action.

We find here, however, no satisfactory proof from which the court can conclude that appellant's original bond was not adequate. It showed that the corporate seal of appellant had been attached and was accompanied by the signature of a branch treasurer. The presence of a corporate seal is prima facie evidence of authority of the corporate officer to execute it on behalf of the corporation: *Fletcher, Corporations,* section 487,

2471. See *Tucker v. Erie & N. E. R. R. Co.*, 27 Pa. 281; *Little Saw Mill Valley Turnpike v. Federal Street Passenger Ry. Co.*, 194 Pa. 144. On behalf of the surety it was executed by two attorneys-in-fact, whose authority was shown by a copy of the power of attorney certified under the corporate seal by an officer of the surety company. There is no requirement in the Replevin Act or in any other statute that the original power of attorney to execute bonds shall be filed of record. If there were any doubts either as to the authority of appellant's officer or of the two attorneys-in-fact, the court should have heard evidence to determine this matter. Lack of authority to execute the bonds should have been proven to warrant the quashing of the writ.

The order of the court below is reversed.