## Oppenheim v. Kreimer, Appellant.

Argued April 20, 1941.

Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Saul Chersky,* for appellant.

*D. B. Tobe,* with him *M. M. Freed,* for appellee.

OPINION BY STADTFELD, J., July 2, 1941:

On March 18, 1940, the plaintiff, Ben E. Oppenheim, issued a praecipe for writ of replevin in the Court of Common Pleas of Allegheny County at No. 4539 April Term, 1940, for an Oldsmobile coach, which, according to the praecipe was "in possession of Constable by virtue of levy for debt." It appears from the record that following the execution of the writ, the automobile in question was delivered into the possession of the plaintiff, Ben E. Oppenheim, with the consent of Charles Kreimer, acting by his attorney of record.

On April 20, 1940, after plaintiff's statement of claim had been filed, defendant presented before PATTERSON, J. of the said court of common pleas, a motion to quash the writ as having been illegally issued in violation of the provisions of the Act of April 3, 1779, 1 Smith Laws, 470, Sec. 2 (12 PS §1845) and an order was made the same day quashing the writ. On May 8, 1940, the defendant filed his praecipe for writ of inquiry returnable to the first Monday of June, 1940, for a sheriff's jury to assess his damages by reason of the illegal issuance of the writ of replevin. Subsequently, on May 10, 1940, defendant also presented a motion to amend the order of April 20, 1940, quashing the writ of replevin by adding thereto an award of treble costs under the provisions of the Act of 1779 and on July 13, 1940, after argument before the court en banc, a memorandum opinion was entered by ELLENBOGEN, J., award-

ing treble costs to the defendant. While the question of the awarding of treble costs was in the hands of the court, the plaintiff, on June 21, 1940, presented a petition to quash the writ of inquiry taken by the defendant. No answer was filed to this petition. The rule granted was, after argument, made absolute on September 13, 1940, in an opinion by ROWAND, J. From the order quashing the writ of inquiry defendant has taken this appeal, the only assignment of error being to that order.

The facts are not in dispute. It is admitted that the plaintiff was not the judgment debtor of the defendant who had caused plaintiff's automobile to be levied upon under the execution on the judgment against one David Oppenheim.

The Replevin Act of April 3, 1779, supra, provides, inter alia, as follows: "All writs of replevin granted or issued for any owner or owners of any goods or chattels, levied, seized or taken in execution, or by distress, or otherwise, by any sheriff, naval officer, lieutenant or sublieutenant of the city of Philadelphia, or of any county, constable, collector of the public taxes, or other officers, acting in their several offices, under the authority of the state, are irregular, erroneous and void; and all such writs may and shall, at any time after the service, be quashed (upon motion) by the court to which they are returnable, the said court being ascertained of the truth of the fact, by affidavit or otherwise."

Section 3 of the Act of April 3, 1779, 1 Smith Laws 470 (12 PS Sec. 1846): "The court, besides quashing the said writs, may and shall award treble costs to the defendant or defendants in such writs; and also, according to their discretion, order an attachment against any prothonotary or clerk, who shall make out or grant any such writ, knowing the same to be for goods or chattels taken in execution, or seized as aforesaid."

Quoting from the opinion of the court below by

ROWAND, J., in quashing the writ of inquiry: "It is to be noted therefore that the Act (of April 3, 1779) provides for three remedies: first, for the quashing of the writ; second, for the awarding of treble costs as damages to the defendant; and third, the issuance of an attachment against the prothonotary or clerk who shall make out or grant any such writ, knowing the goods to be taken in execution. It is the contention by the plaintiff in this proceeding that the defendant is not entitled to his writ of inquiry for the reason that there had been no adjudication upon the merits of the contention. To this we are in accord. There is no adjudication or determination of the rightful owner of this car. ...... According to the record, defendant herein has been allowed treble costs as provided in the Act quoted aforesaid, and we would therefore grant the petition to quash the writ of inquiry."

We believe that the court below arrived at a correct conclusion.

The Act of 1779 specifically provides for the penalty to be imposed for the erroneous and improvident issuance of a void writ of replevin, which penalty consists of an award of treble costs as damages. Upon the quashing of the writ the suit is at an end. It was void from its inception. It possessed no further vitality for any additional proceedings. Writs of inquiry have only been allowed to be issued to assess damages on unliquidated judgments by defendant.

In *Morgan v. Canavan*, 18 Delaware County Reports, 211, 213, 214, the court, in an opinion by FRONEFIELD, P. J., held that a writ of inquiry is authorized to issue only after a judgment by default in a valid proceeding under the Replevin Act of 1901 and under our common law. Quoting from that opinion: "At common law a writ of inquiry issued only after a judgment by default on an unliquidated claim, 8 R.C.L. 670; 40 Cys. 2867; 20 L.R.A. (N.S.) 4-8; *Sully v. Baum*, 1 W.N.C. 115

...... By the Act of May 22, 1722, Sec. 27, 1 Sm. Laws 144, a writ, in the nature of a writ of inquiry, is authorized to issue after a judgment by default in which the damages are subsequently assessed before the Court and jury. *Painter v. Snyder,* 22 Superior Court Reports 603 ...... The writ of inquiry is authorized under the Act of 1901 only after a judgment by default ...... Neither the common law writ of inquiry nor the procedure in the nature of such writ under the Act of 1722 had jurisdiction, because there was no default judgment. There is therefore no authority for such a writ." The case of *Dormont Motors, Inc. v. Hoerr,* 86 Pgh. Legal Journal, 345, follows *Morgan v. Canavan,* supra, and is to the same effect.

When the defendant exercises his right under the Act of 1779, to have the writ quashed, he is only entitled to the remedies provided for in said Act which, in the instant case, consists of an award of treble costs as damages which defendant has already been awarded. After defendant had obtained an order quashing the writ of replevin, defendant could proceed with his execution proceeding as though the writ of replevin had never been issued. The court had no further jurisdiction to proceed in the action of replevin. The original suit was at an end. It was void from its inception. The Replevin Act of April 19, 1901, P. L. 88, §5 (12 PS §1836), as reenacted, does not provide for the issuance of a writ of inquiry in a void proceeding. The defendant, by avoiding going to trial on the merits of the case, has not secured any judgment by default in his favor upon which damages may be assessed. Defendant was not deprived of any rights he may have against any property levied upon.

The case of *Clements v. Dempsey,* 7 Pa. Superior Ct. 52, cited by appellant, clearly indicates that no judgment upon the merits results from the quashing of the writ. That was an action on a replevin bond and not

a proceeding under a writ of inquiry for damages. *York Ice Machinery Corp. v. Robbins et al.,* 323 Pa. 369, 185 A. 626, was an appeal from an order quashing a writ of replevin because of an alleged defective bond. The order was reversed by the Supreme Court. It did not, as in the instant case, involve a writ of inquiry for damages on the quashing of the original writ. *Painter v. Snyder,* 22 Pa. Superior Ct. 603 was an appeal from an order of the court below in making absolute a rule for judgment for want of a sufficient affidavit of defense. No writ of inquiry for assessment of damages was involved. The cases cited by appellant involved actions on the bond given in the institution of actions in replevin. and not writs of inquiry after quashing of the original writ, and therefore are not controlling in the instant case.

We are not passing on the question of the rights, if any, in defendant to bring an action on the replevin bond. The sole question is the correctness.of the order quashing the writ of inquiry for assessment of damages. The views of the court below in which we concur are in accordance with the decisions in other jurisdictions. The case of *Parsell v. Genesee Circuit Judge,* 39 Michigan 542, which was decided in 1878, is directly in point. In that case it was held that, where a writ of replevin was quashed as void, the defendant could not have an assessment of damages. In that case the writ of replevin was, on motion of the defendant, quashed as void, and defendant waived return and asked an assessment of damages, which was refused for want of jurisdiction, the writ being void. Defendant in replevin applied for mandamus to compel an assessment, and the Supreme Court of Michigan upheld the lower court and denied the writ.

The assignment of error is overruled and the order of the court below is affirmed. Costs to be paid by appellant.