## York Ice Machinery Corporation, Appellant, v. Kearney.

Argued January 28, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Edmund R. Finegan,* with him *Rutherford & Rutherford* and *Saul, Ewing, Remick & Harrison,* for appellant.

*Gerald G. Dolphin,* with him *J. Wilson Ames* and *Victor A. Decker,* for appellee.

OPINION BY MR. JUSTICE LINN, March 23, 1942:

By a contract of conditional sale executed in June, 1932, Joseph D. Kearney bought of York Ice Machinery Corporation (hereafter called York) certain ice manufacturing machinery. The contract specified the terms and conditions of payment and provided: "The Premises in which the said machinery or materials are to be placed are situate in the ___ at Maplewood[1] of Lake Township County of Wayne State of Penna., at No. ___ Street,

---

[1] The original, which was sent up with the record, showed that a printed form was used containing blanks to be filled, and that the specific location and the boundaries were filled in by typewriting. It should be read, as it was obviously intended to be read: "The premises in which the said Machinery or materials are to be placed are situate in Maplewood, Lake Township, County of Wayne, State of Pennsylvania, fronting on Lake Henry approximately 300 feet, more or less, bounded on the North by Erie R. R. Siding; on the East by New Machine House, on the south by Property of Wm. LaBar and on the west by Natural Ice Storage Bins." We understand that Maplewood is a small village; the Pennsylvania Manual, Vol. 84, 1939, p. 129, shows the population of all of Lake Township as 1,413 by the 1930 census.

fronting Lake Henry approx. 300 feet, more or less, on Street and bounded on the North by Erie R. R. Siding and bounded on the East by New machine house and bounded on the South by Property of Mr. La Barr and bounded on the West by Natural Ice Storage Bins and being in section    and block    in said of                                              ."

The contract was filed in the office of the prothonotary of the court of common pleas of Wayne County June 13, 1932, and indexed at No. 1070 Conditional Sales Docket pursuant to the Act of May 12, 1927, P. L. 979, amending the Act of May 12, 1925, P. L. 603, 69 PS sections 403, 404. On May 16, 1941, on the petition of Lackawanna Ice Company, not a party to the conditional sales record, the court below ordered that the contract be stricken from the record. York appeals. For any one of several reasons the order appealed from must be reversed.

The controversy is about the title to the machinery of which possession was delivered by York to Kearney with the reservation of title on the conditions stated in the contract. Title and right to possession is asserted in this proceeding by Lackawanna Ice Company, petitioner.

Kearney defaulted in payments to York, and, in May, 1933, York brought replevin against Walter L. Robbins and Lackawanna Ice Company in the common pleas of Wayne County, asserting title to and right of possession of the machinery pursuant to the conditional sale agreement. The defendants in the replevin filed a counter bond and retained the machinery. Thereafter the court quashed the writ of replevin and this court reversed: *York Ice Machinery Co. v. Robbins et al.,* 323 Pa. 369, 185 A. 626, and remanded the record for trial. Instead of proceeding with the trial of the replevin, in which the ultimate issue between the parties could and should have been determined, one of the defendants in that action, Lackawanna Ice Company, six years after the replevin was instituted, filed this petition in the conditional sale record for a rule to show cause why the conditional sale agreement should not be stricken off. The

case was disposed of below on petition, answer and depositions.

Without now passing on the point whether this proceeding would lie at this petitioner's instance, we shall pass to the merits.

1. Petitioner contends that the contract should be stricken off because it did not contain a statement that "said machinery was or was to be affixed to any realty." The Act of 1927, at P. L. 981, in the third paragraph provides: "In order to entitle the conditional sale contract or copy thereof, referred to in this section, to be filed and indexed, it shall have endorsed thereon or attached thereto a statement, signed by the seller, briefly describing the realty, and stating that the goods are, or are to be, affixed thereto." The defect alleged is that the statutory word "affixed" was not used in the agreement, the words there used being, "The premises in which said machinery or materials are to be placed are situate", etc. Was the word "placed" equivalent to "affixed"? We think the legislature did not intend that the word "affixed" must be used to the exclusion of another word equally clear in meaning in its context, and that the expression used in the agreement sufficiently complied with the Act with respect to the machinery involved.[2] While, of course, as appellee contends, the statute must be strictly construed, it must also be construed with common sense. Though the petition contained no averment that there was not filed "a statement, signed by the seller, briefly describing the realty," and no averment that the brief description contained in the agreement was inadequate or inaccurate, the learned court, in the opinion filed, held that the description of the real

[2] Cf. *Delco Ice Mfg. Co. v. Frick Co.*, 318 Pa. 337, 178 A. 135 (where the record contained no description whatever) ; *In re Brownsville Brewing Co.*, 117 F. (2d) 463 (C. C. A. 3rd 1941), and *In re Smith*, 19 Fed. Supp. 595 (E. D. Pa. 1937). In *Central Lith. Co. v. Eatmor Choc. Co.*, 316 Pa. 300, 303, 175 A. 697, Mr. Justice SCHAFFER used the word "attached" as synonymous with "affixed."

estate was inadequate. With that conclusion we cannot agree; sensibly read, there is no doubt about its meaning as related to the *locus*. The evidence offered on behalf of petitioner, given by Mr. Robbins, co-defendant in the replevin action, and by their counsel, shows that they had no difficulty in identifying the real estate and examining the installed machinery prior to the execution at which they purchased.

2. The next objections made in the petition relate to the two papers now to be described. Among the papers in the conditional sale record in the prothonotary's office at the time the petition was filed, was a paper entitled "Consent to Installation Waiver of Lien Rights." It recited Kearney's contract with York and evidenced consent to the installation of the machinery by the owner of the premises, Kearney's lessor. The paper was undated but the prothonotary had written on it the following: "Received Oct. 28, 1932. Not recorded as no date given. F. S. K." The prothonotary died before the depositions in this proceeding were taken so that the parties are left without such evidence as he might have given. The other paper is a notice by York addressed "to Whom it May Concern," certifying that the machinery in question was "to be affixed to the following described realty," giving description. The petition alleged that the prothonotary should not have received these two papers, that they were not part of the conditional sale record, that the landlord's consent had been obtained by the fraudulent misrepresentation that, when it was signed, none of the machinery had been installed, whereas part of it had already been put in place. In view of our conclusion that the contract as filed contained a sufficient reservation of title within the protection of the statute, it is unnecessary to deal with the ruling of the court with respect to these two papers because, whether in or out, the constructive notice resulting from the statute was sufficient.

3. As the action of replevin was pending, the learned court also erred in not dismissing this petition on the

ground that the replevin was adequate to determine title and right of possession. Such proceedings by rule to show cause grew out of the administration of equity through common law forms[3] and therefore should not be entertained where equity would not have taken jurisdiction. In *Buck Mountain Coal Co. v. Conrad.* 6 Phila. Rep. 111 (1865), Mr. Justice AGNEW, sitting at Nisi Prius, considering a bill for a decree of cancellation of deeds for fraud, dismissed it on the ground that the right to the title evidenced by the deeds was triable at law with the right to a jury trial of which the parties should not be deprived by prior cancellation of the evidence relied on. In *Stewart's Appeal,* 78 Pa. 88, Mr. Justice SHARSWOOD referred to instances in which a discretion in favor of cancellation in some circumstances might be exercised but no such circumstances appear in this record. In *Meck's Appeal,* 97 Pa. 313, this court ordered the dismissal of a similar bill and relegated the parties to their action at law. The policy of the law is opposed to splitting up actions: *Philadelphia v. P. R. T. Co.,* 337 Pa. 1, 4, 10 A. 2d 434.

4. While the relationship of Mr. Robbins and the Lackawanna Ice Company, the defendants in the replevin action, does not clearly appear in the depositions, it does appear that prior to the sale of December 8, 1932, Mr. Robbins' attorney, Mr. Dolphin, who also was and is attorney for petitioner, made a search and found the conditional sale contract on record, read it and had discussions with the prothonotary, and with his clients, about it. Mr. Robbins likewise, before the sale of December 8, 1932, made inquiry of counsel for the owner of the land, Kearney's lessor. Mr. Robbins and this attorney testified that, before the sale, they examined the

---

[3] *Park Bros. & Co. v. Oil City Boiler Works,* 204 Pa. 453, 457, 54 A. 334.

machinery in place and that Mr. Dolphin, as his attorney, purchased it at the sheriff's sale. It cannot be said, in view of their depositions, that, before purchasing, they did not have actual notice of the reservation of title. As the replevin action is pending, we do not discuss this subject further.

It is also unnecessary at this time to discuss appellant's contention that petitioner was guilty of laches. The references in the depositions to Kearney's bankruptcy are so inadequate that we cannot say anything about it.

The order is reversed; the record is remanded with instructions to dismiss the petition; costs to be paid by Lackawanna Ice Company, appellee.